## Richmond

Louis H. Parker, Individually and Trading as Parker House Motel v. Prince William County, Virginia, Et Al.

June 18, 1956.

Record No. 4516.

Present, All the Justices.

The opinion states the case.

*William A. Moncure (Clarke, Richard, Moncure & Whitehead, on brief), for the plaintiff in error.*

*Leonard L. Lonas, Jr.* and *Frank P. Moncure* (*Stanley A. Owens*, on brief), for the defendants in error.

SMITH, J., delivered the opinion of the court.

Louis H. Parker is the owner of approximately three acres of land adjoining Fuller Heights Road in Prince William county, on a portion of which he maintains and operates a motel known as the Parker House Motel. In 1952 a sewage treatment plant was constructed by Prince William county, pursuant to an ordinance of its Board of Supervisors, on a site immediately across the road from Parker's motel. Thereafter, on July 28, 1953, Parker filed a claim for $31,500 with the Board of Supervisors in accordance with the provisions of Code, §§ 15-257 and 15-261, asserting that the sewage treatment plant "gives off offensive odors, attracts flies and other insects, contains extensive areas of open sewage from an untreated stage to the final treatment stage, produces bubbles and refuse which are blown over the surrounding area by the winds and is of such an undesirable nature and is a nuisance reducing the sale and rental value of the properties and irreparably damaging the owner in the amounts set forth above." He further asserted that these acts constituted the taking of his property without his consent and without due process of law in violation of certain provisions of the Virginia and federal constitutions.

Although on several occasions Parker requested that the Board take action on his claim, nothing was done until May 6, 1954, when it was disallowed in his absence and without giving him notice that his claim would be considered on that day. However, on or about May 12, 1954, his counsel received through the mail a written notice of the Board's action.

Subsequently, on June 2, 1954, Parker filed in the Circuit Court of Prince William County what he described as "his appeal in the form of a Notice of Motion for Judgment" from the action of the Board, and at the same time he tendered to the clerk of the trial court a check for $50.00 marked "for guarantees of court cost in August." This check was accepted by the clerk as a "Cash Cost Bond Louis H. Parker v. Prince William County," and in due course cashed by him. A demurrer filed by the Board on June 22, 1954 was subsequently dismissed, and on November 6, 1954, it filed its grounds of defense.

Thereafter, on March 9, 1955, the trial court on its own motion

raised the question of its appellate jurisdiction, questioning whether Parker had filed an appeal bond, and on March 16, 1955, Parker tendered an appeal bond with surety and petitioned the court for leave to amend and convert his motion for judgment into an original action against the Board pursuant to Code, § 15-260.* In its final judgment the trial court denied the prayer of the petition and dismissed the case for lack of jurisdiction, to which judgment we awarded Parker this writ of error.

The vital issue presented is whether Parker perfected his appeal within the time provided by Code, § 15-259, which reads as follows:

*"Appeal from disallowance of claim.—*When a claim of any person against a county is disallowed in whole or in part by the board of supervisors, if such person be present, he may appeal from the decision of the board to the circuit court of the county within thirty days from the date of the decision; if he be not present, the clerk of the board shall serve a written notice of the disallowance on him or his agent, and in that case he may appeal to the court from the decision within thirty days after service of such notice; *but in no case shall the appeal be taken after the lapse of six months from the date of the decision,* nor shall an appeal be allowed in any case unless the amount disallowed exceeds ten dollars. Such appeal may be taken by causing a written notice thereof to be served on the clerk of the board and executing a bond to such county, with sufficient surety to be approved by the clerk, with condition for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant by the court." (Italics supplied).

[■■] The parties agree that the Board did in fact disallow Parker's claim, that he was not present or represented at the meeting when this was done, and that his counsel received written notice through the mail of the Board's action. Parker contends, however, that the

---

\* Code, § 15-260 provides:

*"When disallowance of claim final; exception: when no execution to be issued.—* The determination of the board of supervisors of any county disallowing a claim, in whole or in part, shall be final and conclusive and a perpetual bar to any action in any court founded on such claim, unless an appeal be taken from the decision and determination of such board or unless such board shall consent and agree to the institution of an action by such claimant against the county; but, when the board of supervisors shall refuse or neglect to act upon any claim duly presented to them, this section shall not be so construed as to prevent the institution of an action by such claimant. No execution shall be issued upon any judgment recovered against a county, board of supervisors, or against any officer of the county, when the judgment should be paid by the county, but the same shall be provided for by the board of supervisors in the next county levy and paid by the treasurer as other county charges."

Board is estopped to assert that his claim has been legally disallowed as required by Code, § 15-259, because the mailing of notice does not comply with the notice requirements of Code, §§ 8-51 (entitled "Mode of serving notice"), and 8-52 (entitled "Who may serve notices; return"). But he overlooks the specific language of Code, § 8-53, which provides that a notice in writing "which has reached its destination within the time prescribed by law, if any, shall be sufficient, although not served in the manner mentioned in the two preceding sections." In the light of this provision it is clear that the Board's disallowance of Parker's claim was legally communicated to him and that under Code, § 15-259 the thirty day period in which he had the opportunity of perfecting his appeal began to run on the day he received the notice by mail, which was on or about May 12, 1954. But even if it be assumed that the notice of disallowance of his claim did not conform to the statutory requirements of Code, §§ 8-51 and 8-52, the maximum period, irrespective of notice, within which to take an appeal from the Board's decision was "six months from the date of the decision," which period expired on or before November 6, 1954. Code, § 15-259.

■ Code, § 15-259 requires that an appeal from the decision of the Board be taken "by causing a written notice thereof to be served on the clerk of the board and executing a bond to such county, with sufficient surety to be approved by the clerk." Parker attempted to comply with these requirements by serving written notice of appeal on the clerk of the Board and filing with the clerk of the court a check for $50.00 as a guarantee of court costs. But it was not until March 16, 1955, some nine and one half months later, that a bond with surety was actually executed.

It is well settled that counties are political subdivisions of the state and can only be sued in the manner prescribed by statute. *Fidelity etc.* v. *Gill*, 116 Va. 86, 81 S. E. 39; *Prince George County* v. *Atlantic etc. R. Co.*, 87 Va. 283, 12 S. E. 667; *Botetourt County* v. *Burger*, 86 Va. 530, 10 S. E. 264. Consequently, unless the $50.00 check filed with the clerk by Parker can be considered a substantial compliance with the bond requirements of Code, § 15-259, or unless the claim may be prosecuted as an original action under Code, § 15-260, the judgment dismissing the case must be affirmed.

The question of substantial compliance with the statutory requirements for perfecting an appeal has been before this court on many occasions. Most recently in *Ness* v. *Manuel*, 187 Va. 209, 46 S. E. 2d

331, we dismissed a writ of error on jurisdictional grounds because the appeal bond had been executed by an agent who was without proper authority to bind his principal. See also, *Forrest* v. *Hawkins*, 169 Va. 470, 194 S. E. 721. And the case of *Southern Railway Co.* v. *Thomas*, 182 Va. 788, 30 S. E. 2d 575, was dismissed because the required appeal bond was given without proper surety, thus leaving the court without jurisdiction to review the judgment complained of.

In *The Covington Virginian, Inc.* v. *Woods*, 182 Va. 538, 548, 29 S. E. 2d 406, we held that an instrument purporting to be an appeal bond executed by a corporation was in fact no bond because the corporate seal had not been attached. In so holding we said: "The question before us is not whether a bond is merely voidable or void. The written instrument involved is not a bond of the appellant. In no sense was it executed in compliance with the mandatory provisions of the written law. The failure to so execute it precluded the exercise of the jurisdiction of the circuit court over the proceedings."

In *Brooks* v. *Epperson*, 164 Va. 37, 178 S. E. 787, we held that where the pertinent statute authorizing an appeal required a bond with surety, a bond accompanied by a certified check did not substantially comply with the statute and therefore dismissal of the case was mandatory. The same result was reached on similar facts in *Clinch Valley Lumber Corp.* v. *Hagan Estates, Inc.*, 167 Va. 1, 4, 187 S. E. 440, where we said:

"We are not here confronted with a mere technical defect which could subsequently be corrected. The bond given within the limitation period was not merely voidable, but void. The statute in plain terms requires an obligation 'with surety.' Here there was none. Such fatal defect could not be supplied after the expiration of the time within which the appeal should have been perfected."

These cases make it abundantly clear that failure to substantially comply with the statutory requirements applicable to appeal bonds constitutes a jurisdictional defect which can not be corrected after the expiration of the time within which an appeal may be taken. In the instant case the $50.00 check filed with the clerk was not a bond "with sufficient surety" as required by Code, § 15-259, and therefore the trial court did not acquire jurisdiction of Parker's appeal from the Board's decision.

■ Having determined that the trial court did not have jurisdiction to hear the appeal from the action of the Board, the only other alleged error which needs to be considered is that the court erred in refusing

to permit an amendment so that the action might proceed as an original action under Code, § 15-260, which is copied in the margin, *supra*. The language of that statute is clear, plain and direct that the disallowance of a claim by the board shall be final and conclusive and a perpetual bar to any action in any court, unless: (1) an appeal be taken from the board's decision, or (2) the board "shall consent and agree to the institution of such action by such claimant against the county." In addition, an action may be instituted in a court of law under Code, § 15-260, when the board "shall refuse or neglect" to act upon any claim duly presented to it. Thus, even a cursory examination of the statute shows that a claimant may maintain an original action in a court of law against a county only where its board of supervisors "shall consent and agree" to such an action or where the board "shall refuse or neglect" to act on a claim duly presented to it.

Since the Board did act on Parker's claim and since he has failed properly to perfect his appeal, this avenue to a hearing in the circuit court is foreclosed. Parker contends, however, that the court erred in denying his petition to amend and convert his appeal into an original action on the ground that the Board "consented and agreed to the institution of said suit, under the provisions of Title 15, Section 260 of the Code, by filing their Grounds of Defense, without raising any question as to the jurisdiction of the court, the consent to be sued, or the legal sufficiency of said proceeding." There is no merit in this contention because, even if the Board could, without formal action of its members, "consent and agree" to be sued in an original action as provided in Code, § 15-260, the Board's grounds of defense did not concede jurisdiction over the appeal, let alone consent and agree to an original action first suggested four and one half months after that pleading was filed and more than six months after the disallowance of the claim by the Board.

For the reasons stated the judgment is affirmed.

*Affirmed.*