Said M. KARARA, Plaintiff,

v.

COUNTY OF TAZEWELL,
VIRGINIA, Defendant.

Civ. A. No. 77–0070(A).

United States District Court,
W. D. Virginia,
Abingdon Division.

May 3, 1978.

James P. Jones, Penn, Stuart, Eskridge & Jones, Bristol, Va., for plaintiff.

Norris Kantor, Katz, Kantor, Katz, Perkins & Cameron, Bluefield, W.Va., M. Crockett Hughes, Jr., Bluefield, Va., for defendant.

MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

Plaintiff, a citizen of the Republic of Egypt, brought this action for breach of contract against the County of Tazewell, Virginia. Jurisdiction is predicated upon diversity of citizenship and $10,000.00 in controversy. Title 28 U.S.C. § 1332. Plaintiff maintains that on or about December 13, 1974, the defendant agreed in writing to employ him to perform engineering and consulting work required for the completion of certain dam, water, and sewerage projects in Tazewell County, and that defendant breached the agreement on September 8, 1976, by advising him "that it considered that it had no further obligation to the plaintiff to employ him for such engineering work . . . ." Plaintiff attended a meeting of the Board of Supervisors of Tazewell County on June 16, 1976, and informed the Board that he believed that his written agreement with defendant gave him the right to do the engineering work on the projects. The Board of Supervisors found that plaintiff's contract with

defendant was intended to cover only pre-engineering work on the project, and at a meeting of the Board on September 8, 1976, it was resolved that the services of plaintiff were to be terminated, and his claim was, thereby, denied. A copy of the Board's resolution was mailed to plaintiff and was received by him "a day or so after October 18, 1976." [1] Plaintiff took no further action in the matter and commenced this action in the United States District Court for the Western District of Virginia on February 8, 1977. The matter is now before the court on defendant's motion to dismiss for plaintiff's noncompliance with Va.Code Ann. §§ 15.1–552 and 15.1–553.

Va.Code Ann. § 15.1–553 provides, in the relevant part, that the disallowance of a claim against a county by its board of supervisors is final unless an appeal is taken from the board's decision or unless the board consents and agrees to the institution of an action on the claim:

> The determination of the board of supervisors of any county disallowing a claim, in whole or in part, shall be final and conclusive and a perpetual bar to any action in *any court* founded on such claim, unless an appeal be taken from the decision and determination of such board or unless such board shall consent and agree to the institution of an action by such claimant against the county. (Emphasis added.)

The procedure for taking an appeal from the disallowance of a claim is provided for by Va.Code Ann. § 15.1–552:

> *Appeal from disallowance of claim.*— When a claim of any person against a county is disallowed in whole or in part by the board of supervisors, if such person be present, he may appeal from the decision of the board to the circuit court

of the county within thirty days from the date of the decision; if he be not present, the clerk of the board shall serve a written notice of the disallowance on him or his agent, and in that case he may appeal to the court from the decision within thirty days after service of such notice; but in no case shall the appeal be taken after the lapse of six months from the date of the decision, nor shall an appeal be allowed in any case unless the amount disallowed exceeds ten dollars. Such appeal may be taken by causing a written notice thereof to be served on the clerk of the board and executing a bond to such county, with sufficient surety to be approved by the clerk, with condition for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant by the court.

As plaintiff has failed to comply with § 15.1–552, the question presented is whether § 15.1–553 stands as a bar to the maintenance of this action in the district court, as the action is brought pursuant to Title 28 U.S.C. § 1332.

In *Markham v. Newport News*, 292 F.2d 711 (4th Cir. 1961), the plaintiff, a citizen of California, commenced an action in the United States District Court for the Eastern District of Virginia against the City of Newport News, Virginia, as a result of injuries she sustained when she drove her automobile into an uncovered manhole. The action was dismissed by the district court on the basis of a Virginia statute that provided that no tort action against a city or other political subdivision of the Commonwealth could be maintained in any court except a court of the Commonwealth established under or pursuant to the constitution of Virginia and having jurisdiction and venue. In reversing the district court, the court of

---

1. Plaintiff has submitted an affidavit in which he states that he has never been "served" with a copy of the Board's resolution although he received a copy in the mail. Va.Code Ann., § 8.01–288 (8–53), provides that "[e]xcept for process commencing actions for divorce or annulment of marriage, process which has reached the person to whom it is directed with-

in the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." Moreover, it is clear that this form of service is sufficient for purposes of § 15.1–552. *See Parker v. Prince William County*, 198 Va. 231, 234, 93 S.E.2d 136, 138 (1956).

appeals found that the Virginia statute was an invalid attempt to thwart diversity jurisdiction and held that a state can neither restrict nor enlarge a federal court's diversity jurisdiction and that whenever there is a substantive right enforceable in a judicial proceeding in any court of the state that right is enforceable in the appropriate United States District Court if the controversy is between citizens of different states and involves the minimum amount of money:

> . . . a court in determining its own jurisdiction, must look to the constitution and laws of the sovereignty which created it. The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state. It necessarily follows that whenever a state provides a substantive right and a remedy for the enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States.

*Markham v. Newport News, supra* at 716. In making that determination, the court of appeals explained the application of *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which held that there is no general federal common law and that a federal court exercising diversity jurisdiction is to apply the substantive law of the forum state:

> The *Erie* doctrine does not extend to matters of jurisdiction or, generally, to matters of procedure. Its basic philosophy is that a federal court exercising its diversity jurisdiction to adjudicate rights created by the state sits as another court of that state and should reach the same result as the state courts would reach in deciding the identical issue. It is conformity in result which is required. A nonresident litigant in resorting to the federal diversity jurisdiction should obtain the same relief a resident litigant asserting the same cause of action would receive in the state courts.

*Id.* at 718.

There is no question but that a substantive right and remedy were available in the Circuit Court of Tazewell County within thirty days from the date that plaintiff received notice of the adverse determination of the Board of Supervisors. Consequently, as the requisites of diversity jurisdiction were present, a judicial controversy existed which was capable of adjudication by a United States District Court pursuant to the holding of *Markham v. Newport News, supra.* The fact remains, nevertheless, that after the expiration of thirty days without an appeal plaintiff had no substantive rights enforceable in any court of the Commonwealth of Virginia. Accordingly, it must be determined whether plaintiff is precluded from bringing this action by *Erie Railroad v. Tompkins, supra.*

The leading court of appeals' case examining *Erie* and its progeny, is *Szantay v. Beech Aircraft Corp.*, 349 F.2d 60 (4th Cir. 1965). In that case wrongful death actions were brought in the U. S. District Court for the Eastern District of South Carolina by nonresidents on causes of action arising out of an airplane crash in Tennessee. A South Carolina statute restricted the bringing of suit in South Carolina to a resident on any cause of action or to nonresidents on causes of action arising within the state. Therefore, suit could not have been brought in the South Carolina state courts. Consequently, the question presented was whether the U. S. District Court for the Eastern District of South Carolina could entertain the diversity action where the state courts could not. In determining that the district court could entertain the suit, the court of appeals posited the following analysis "for a court attempting to resolve a federal-state conflict in a diversity case":

1) If the state provision, whether legislatively adopted or judicially declared, is the substantive right or obligation at issue, it is constitutionally controlling.

2) If the state provision is a procedure intimately bound up with the state right or obligation, it is likewise constitutionally controlling.

3) If the state procedural provision is not intimately bound up with the right

being enforced but its application would substantially affect the outcome of the litigation, the federal diversity court must still apply it unless there are affirmative countervailing federal considerations. This is not deemed a constitutional requirement but one dictated by comity.

*Szantay v. Beech Aircraft, Corp., supra* at 63–64. Analyzing the statute in question the court determined that it was procedural but found that it was not "bound up" with the right being conferred. The court then balanced the interests and found the intentions of the South Carolina legislature to be uncertain, while it found countervailing federal considerations to be explicit and numerous, the most important of these being the purpose of the diversity action to avoid discrimination against nonresidents. It concluded, therefore, that the action was not barred in the South Carolina District Court.

■ While § 15.1–552 is procedural,[2] § 15.1–553 is undoubtedly substantive in that it pertains to the Commonwealth's substantive doctrine of sovereign immunity. Together these sections provide the manner in which the sovereign may be sued.[3] It makes no difference, however, whether the thirty-day period provided for in § 15.1–552 is labeled procedure or substance as it is unquestionably bound up with the plain-

tiff's underlying substantive right against the county, and, as such, is constitutionally controlling. Consequently, although it has been determined that the plaintiff could have commenced suit in either the Circuit Court of Tazewell County or the United States District Court within thirty days from notice of the Board's decision, applying *Szantay v. Beech Aircraft Corp., supra*, it is concluded that failure to bring such an action within that period is an absolute bar to his claim.[4]

Plaintiff's complaint is accordingly dismissed with prejudice.[5]

---

2. It is manifest that § 15.1–552 is procedural and jurisdictional predicate to an action against the county. *See Parker v. Prince William County, supra.*

3. The purpose of these sections was explained in *Botetourt County v. Burger*, 86 Va. 530, 533, 10 S.E. 264, 265 (1889):

   This is the mode prescribed by law by which claims may be collected against the county, and the county cannot be sued in any other mode than that provided by law. The county is a political subdivision of the state, and can only be sued when and in the manner prescribed by law. The sovereign can be sued only by its consent, and a state granting the right to its citizens to bring suit against it can be sued only in the mode prescribed. The same principles apply to a county, which is part of the state,—which is, as we have said, a political subdivision of the state,—suable only in the mode prescribed in the law granting the right to sue.

He who avails of the grant must follow its terms.

4. Section 15.1–552 also provides for the execution of an appeal bond. The Virginia courts have determined that such a bond is a jurisdictional requisite to suit in the circuit court. *Parker v. Prince William County, supra.* The court of appeals stated in *Markham v. Newport News*, 292 F.2d 711, 714 (4th Cir. 1961) that: "Virginia, of course, may impose conditions precedent to the enforcement of the right in any court." This court does not decide as to whether the bond requirement is such a condition as must be given effect under *Erie.*

5. This court does not reach important issues as to whether Tazewell County is a citizen for purposes of diversity jurisdiction or whether it has sovereign immunity under the eleventh amendment as the *alter ego* of the state.