# Carroll W. Foster

### v.

# Sylvia Sehen Beckner Foster

Record No. 870967

April 21, 1989

Present: All the Justices

*N. Leslie Saunders, Jr. (Charles W. Beddow; Saunders, Hundley & Patterson; Beddow, Marley, Burgess & Murphy,* on briefs), for appellant.
*Jay G. Kauffman* for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In a bill of complaint filed in the Circuit Court of Chesterfield County, Carroll W. Foster sought a divorce from his wife, Sylvia Sehen Beckner Foster, on the ground of desertion. He also prayed for the enforcement of a separation agreement the parties had signed, which, according to his allegations, was fair and equitable. In her answer, the wife denied that she had deserted her husband and that the agreement was fair and equitable. She alleged that she had signed the agreement "under duress and after being threatened and intimidated by [the husband] and his family."

By an order entered October 22, 1984, which dealt solely with the issue of the validity of the agreement, the trial court found that the agreement was "fair and equitable and voluntarily entered into" by both parties. In a petition for rehearing filed April 24, 1985, and in an amended petition filed with leave of court on July 16, 1985, the wife alleged that after-discovered evidence would show that the agreement had been "procured fraudulently."

By an order entered September 23, 1985, the trial court denied the wife's petition for a rehearing. On October 17, 1985, the wife filed a notice of appeal to the Court of Appeals but failed to "simultaneously file an appeal bond," as required by Code § 8.01-

676.1 (A) and Rule 5A:16 (a). On December 19, 1985, the wife filed with the Court of Appeals a motion stating that she had filed an appeal bond that day and asking for an extension of the time for filing the bond. The husband moved to dismiss the appeal for the wife's failure to file a bond, and, on January 31, 1986, the Court of Appeals entered an order dismissing the appeal.

On February 7, 1986, the wife filed a petition for rehearing of the order dismissing her appeal. The wife also asked for a stay of proceedings pending the passage of House Bill 56, then under consideration by the General Assembly, which would purportedly "extend the time [retroactively] to file an appeal bond for good cause shown."

The husband filed a motion to dismiss the petition for rehearing, asserting that the proposed legislation would "not provide [the wife] relief." The Court of Appeals denied the motion to dismiss.

House Bill 56 was enacted into law with an emergency clause, and it became effective March 16, 1986. Acts 1986, ch. 89. On May 13, 1986, the Court of Appeals entered an order granting the wife's petition for rehearing and reinstating her appeal. Then, on July 29, 1987, the Court reversed the trial court's refusal to rehear the order of October 22, 1984, and remanded the case "with directions to permit the proper filing of a petition to rehear." We granted the husband this appeal.

 Acts 1986, ch. 89, subsection L to Code § 8.01-676.1, which reads:

> The filing of an appeal bond . . . is not jurisdictional and the time for filing such bond in cases before the Court of Appeals or the Supreme Court may be extended by a judge or justice of the court before which the case is pending on motion for good cause shown and to attain the ends of justice.

Acts 1986, ch. 89, also included Section 4, which read:[1]

> [S]ubsection L of this act shall apply to all appeals filed heretofore in the Court of Appeals except that this provision shall not revive appeals in which there can be no further proceedings in any court.

---

[1] By an amendment adopted in 1987, Section 4 was omitted. Acts 1987, ch. 684.

Before the enactment of subsection L, the filing of an appeal bond was jurisdictional. *Rudiger* v. *Hanckel-Smith*, 230 Va. 255, 335 S.E.2d 257 (1985); *Burns* v. *C.W. Wright Construction Co.*, 1 Va. App. 256, 336 S.E.2d 908 (1985). The wife argues, however, that the Court of Appeals properly applied subsection L in reinstating her appeal.

The wife says the proviso in paragraph 4, which states that subsection L "shall not revive appeals in which there can be no further proceedings in any court," was not violated by the Court of Appeals' action in her case. The purpose of this proviso, the wife opines, "is to avoid reopening cases in which there were final judgments that were no longer appealable or otherwise reviewable under the prior statute."

In this case, the wife maintains, by the time the enactment of subsection L became effective, she had filed "a timely Petition for Rehearing" of the Court of Appeals' dismissal of her appeal. Furthermore, the wife says, her appeal was from an interlocutory order which was "subject to further proceedings should [she] choose to appeal the final judgment of the Circuit Court." Hence, the wife concludes, hers was not an appeal " 'in which there [could] be no further proceedings in any court.' "

What the wife's argument overlooks, however, is that in fact she failed to file the required bond within the thirty-day appeal period prescribed by Code § 8.01-676.1 (A) and Rule 5A:16 (a), which period expired long before subsection L ever became effective. Therefore, that appeal was dead, and any effort to keep it alive by way of a petition for rehearing, or otherwise, was unavailing. In *Clinch Val. L. Corp.* v. *Hagan Estates*, 167 Va. 1, 187 S.E. 440 (1936), the appellant gave bond in the amount of $1,000, but, in lieu of surety, deposited with the clerk of the lower court a certified check for $1,000, when the statute then in effect permitted only bond with surety.[2] In dismissing the appeal, we said:

We are not here confronted with a mere technical defect which could subsequently be corrected. The bond given within the limitation period was not merely voidable, but void. The statute in plain terms requires an obligation 'with

---

[2] Code § 1-13.1:1 now provides that "[w]henever the term 'bond with surety' is used in this Code, it shall be construed to include the payment in cash of the full amount of the required bond and, in such case, no surety shall be required."

surety.' Here there was none. Such fatal defect could not be supplied after the expiration of the time within which the appeal should have been perfected.

*Id.* at 4, 187 S.E. at 441. Given that no bond at all was filed in the present case, we think the fatal defect is even clearer.

■ This is a case, therefore, of an appeal "in which there can be no further proceedings in any court." Acts 1986, ch. 89, Section 4. Hence, subsection L was not applicable to the appeal and not available to revive it.[3] Having reached this conclusion, we need not consider the husband's contention that he obtained a vested or substantive right under the trial court's order of October 22, 1984.

For the foregoing reasons, we will reverse the orders of the Court of Appeals entered May 13, 1986, and July 29, 1987. We will reinstate the January 31, 1986 order of the Court of Appeals, which dismissed the wife's appeal, and enter final judgment on that order.

*Reversed and final judgment.*

---

[3] We express no opinion on the question implicitly raised by the wife's contention that because her appeal was from an interlocutory order, she can yet challenge that order "should [she] choose to appeal the final judgment of the Circuit Court." In any event, the proceedings incident to that challenge would emanate from that appeal, not this one, and would not save this appeal from its status as one "in which there can be no further proceedings in any court." Acts 1986, ch. 89, Section 4.