# CIRCUIT COURT OF CHESTERFIELD COUNTY

Livingston M. Johnson, Jr.

v.

Chesterfield County

August 16, 1990

Case No. CL90-173

By JUDGE WILLIAM R. SHELTON

Livingston Johnson has filed this suit to appeal the disallowance of a claim by the Board of Supervisors. Mr. Johnson filed a claim with the Board of Supervisors of the County of Chesterfield requesting compensation in some form regarding the 3,600 hours of comp time he had accumulated. On February 14, 1989, the Board of Supervisors denied his claim. Mr. Johnson was present at the meeting when his claim was denied. He then filed this suit on February 23, 1990. The issue before the Court is whether the plaintiff in appealing this decision has complied with Va. Code § 15.1-552.

Va. Code § 15.1-552 states that:

> *Appeal from disallowance of claim.* -- When a claim of any person against a county is disallowed in whole or in part by the board of supervisors, if such person be present, he may appeal from the decision of the *board to the circuit court of the county within thirty days from the date* of the decision; if he be not present, the clerk of the board shall serve a written notice of

the disallowance on him or his agent, and in that case he may appeal to the court from the decision within thirty days after service of such notice; but in no case shall the appeal be taken after the lapse of six months from the date of the decision, nor shall an appeal be allowed in any case unless the amount disallowed exceeds ten dollars. Such appeal may be taken by causing a written notice thereof to be served on the *clerk of the board* and executing a bond to such county, with sufficient surety to be approved by the clerk of the board, with condition for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant by the court.

Compliance with this section is a procedural and jurisdictional predicate to an action against the County. *Kara v. County of Tazewell*, 450 F. Supp. 169 (W.D. Va. 1978), *aff'd.*, 601 F.2d 159 (4th Cir. 1979). The County argues that the Court lacks jurisdiction to hear the case because the plaintiff has not served notice on the Clerk of the Board of Supervisors nor executed a bond with surety within the thirty-day time period proscribed by the statute. The plaintiff argues that pursuant to the statute and case law, he has six months within which to post the bond with surety and give notice to the Clerk of the Board.

As support for his position, the plaintiff cites the case of *Obenshain v. Holliday*, 504 F. Supp. 946 (E.D. Va. 1980). In *Obenshain*, the plaintiff filed suit against the board for contractual damages. She served notice of the suit on the County Attorney within thirty days of the date she received notice of the denial of her claim. However, she did not serve notice on the Clerk of the Board of Supervisors or execute the bond with surety until after the thirty days. The plaintiff argued that the Section 15.1-552 requirement of service of notice on the Clerk of the Board of Supervisors and executing a bond with surety did not have to be completed within the thirty days. The Court agreed with plaintiff finding that these requirements were technical defects and interpreting Section 15.1-552 to allow six months from the date of disallowance

of the claim for compliance with these requirements. As support for their interpretation of the statute, the court in *Obenshain* cited the case of *Parker v. Prince William County*, 198 Va. 231, 93 S.E.2d 136 (1956).

This Court does not agree with the *Obenshain* court's interpretation of § 15.1-552 nor does this Court feel that *Parker v. Prince William* supports that interpretation. *Id.* From a reading of the statute, this Court feels it is clear that where a plaintiff is *present* when the Board disallows his claim, he has thirty days within which to serve notice on the Clerk of the Board of Supervisors and to execute a bond with surety.[1] Only where the claimant is not present for the Board's decision nor is he sent notice by the Board does he have up until six months to serve notice on the Clerk of the Board and to execute the proper bond with surety. Failure to timely meet these requirements is a jurisdictional defect.

The *Parker v. Prince William County* case supports this reading of the statute. *Parker v. Prince William County*, 198 Va. 231, 93 S.E.2d 136 (1956). In *Parker*, the Court found that failure to execute bond with surety was not a mere technical defect but was a jurisdiction defect which cannot be corrected after the expiration of the time within which an appeal may be taken. *Parker* at 235. The facts indicated that Parker was not present when the Board denied his claim and Parker argued that while he had received the notice from the County that

---

[1] Appeal from disallowance of claim. When a claim of any person against a county is disallowed in whole or in part by the board of supervisors, if such person be present, he may appeal from the decision of the board to the circuit court of the county within thirty days from the date of the decision; if he be not present, the clerk of the board shall serve a written notice of the disallowance on him or his agent, and in that case he may appeal to the court from the decision within thirty days after service f such notice; but in no case shall the appeal be taken after the lapse of six months from the date of the decision, nor shall an appeal be allowed in any case unless the amount disallowed exceeds ten dollars. Such appeal may be taken by causing a written notice thereof to be served on the clerk of the board and executing a bond to such county, with sufficient surety to be approved by the clerk of the board, with condition for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant by the court.

his claim was denied, the method of notice did not comply with Va. Code §§ 8-51 and 8-52. *Parker* at 234. The Court found that Parker did have legally communicated notice and stated that the thirty-day period in which he had to perfect the appeal began to run on the day he received the notice by mail. *Id.* The Court went on to comment, however, that even if they assumed the notice plaintiff got did not conform to the statutory requirement of Code Sections 8-51 and 8-52, the maximum period, irrespective of notice, within which to take an appeal from the Board's decision was "six months from the date of decision." *Id.* Parker had waited some nine and one-half months after he had served notice on the Clerk of the Board before he executed a bond with surety. *Parker* at 234. Thus, the Court found that it lacked jurisdiction to hear the claim because the requirements of Va. Code § 15-259 were not timely met. *Parker* at 235.

From a review of the *Parker* case, it is clear to see that the *Obenshain* court's comment on the "six-month time limit" quoted the language from *Parker* out of text and has incorrectly interpreted it. The *Parker* court did not find that a plaintiff has six months to meet the requirements of Va. Code § 15.1-552 nor that these requirements are technical defects. The *Parker* opinion and other Virginia case law clearly establishes that the requirements of Va. Code § 15.1-552 are jurisdictional. *Parker*, 198 Va. at 235. Furthermore, the *Parker* court commented on the "six months" only to say that even if the court had found in favor of plaintiff that the notice he received was not legally sufficient, thereby giving plaintiff six months to meet the requirements of Va. Code § 15.1-552, the plaintiff would still have been outside the time limit because she took some nine and a half months to meet the requirements. From the statutory language of Va. Code Section 15.1-552, it is clear that where, as in this case, the plaintiff is present when the Board disallows his claim, he has thirty days from that date to serve notice on the Clerk of the Board and to execute a bond with surety. Failure to timely comply with these requirements is a jurisdictional bar to the suit. Mr. Johnson has failed to meet these requirements within the thirty days. Therefore, the Court lacks the jurisdiction to hear the case.