## CIRCUIT COURT OF FAIRFAX COUNTY

Pleasant Excavating Co.

v.

Fairfax County
Board of Supervisors

Case No. (Law) 130931

By Judge Thomas A. Fortkort

June 8, 1994

The matter came before the Court on defendant Fairfax County Board of Supervisors' Plea in Bar to plaintiff Pleasant Excavating Company's Motion for Judgment. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the Plea in Bar is overruled.

The pertinent facts are those outlined in the parties' memoranda and elicited during oral arguments. Pleasant entered into a contract with the County for the construction of what is known as the "I-95 Composting Facility" located in Lorton, Virginia. Pursuant to the contract, Pleasant was to provide earth moving and excavating services for the project. The Motion for Judgment alleges that at the project's completion, the County still owed amounts due under the contract.

To recover these sums, the plaintiff followed a number of initial procedural steps, none of which is particularly germane to the instant motion. On September 17, 1993, the plaintiff filed its claim with the Fairfax County Board of Supervisors. The Board denied the claim, and upon receipt of the denial notice on November 2, 1993, Pleasant filed a Complaint in the U.S. Bankruptcy Court for the District of Maryland on November 17, 1993. Declining to entertain the appeal, the Bankruptcy Judge in his

ruling of March 16, 1994, applied the rule of discretionary abstention.[1] Promptly upon learning of the Bankruptcy Court's refusal to exercise jurisdiction, the plaintiff filed its Motion for Judgment in the Circuit Court. The defendant brought this Plea in Bar on the ground that since the plaintiff had not complied with the procedures set forth in Code of Virginia § 15.1-550 et seq., the plaintiff's claim against the County is barred.

In analyzing the steps taken by the plaintiff in pursuit of its claim, this Court must scrutinize the Code provisions which govern this type of action. Any party who seeks to recover a monetary claim against the County must first present such claim to the county board of supervisors. Code of Virginia § 15.1-550. If the board disallows the claim, the claimant may appeal the board's decision to the circuit court within thirty days from the date of the decision or thirty days from notification of the decision. *Id.* at § 15.1-552. The statute goes on to set an outside time limit on the filing of the appeal, stating, "in no such case shall the appeal be taken after the lapse of six months from the date of the decision." *Id.* The instituting of an appeal is formalized by the filing of a notice of appeal with the clerk of the board of supervisors along with the execution of an appeal bond to the appropriate county. *Id.*

The defendant maintains that the plaintiff's noncompliance with the necessary procedural steps is fatal to its appeal to the Circuit Court. To support this contention, the defendant cites *Obenshain v. Halliday*, 504 F. Supp. 946 (E.D. Va. 1980), which involved an appeal filed within the thirty-day period, but not served on the clerk of the board of supervisors within that time frame. The federal court held that the appeal was not defective and that the six-month language in the Virginia statute was intended to address precisely the type of technical defect presented in *Obenshain*. Adhering to prior state and federal court interpretations of the statute, the Court found that the appeal would stand as long as it was "perfected" within six months. *Obenshain*, 504 F. Supp. at 955.[2] More

---

[1] Under 28 U.S.C. § 1334(c)(1), a Bankruptcy Court may exercise "discretionary abstention." Through this mechanism, the Bankruptcy Court recognizes its jurisdiction in the pending matter but defers to the state court for application and analysis of the appropriate state law.

[2] The decisions cited in *Obenshain* are *Parker v. Prince William County*, 198 Va. 231 (1956) (appeal dismissed because claimant failed to execute a bond with sufficient surety until nine and one-half months after board's initial denial of the claim); and *Karara v. County of Tazewell, Va.*, 450 F. Supp. 169 (W.D. Va. 1978) (appeal dismissed because claimant failed to file either notice or bond within prescribed thirty-day deadline).

recently, the Virginia Supreme Court reaffirmed this view in *Kirkpatrick v. County of Prince William*, 238 Va. xxvii, 389 S.E.2d 800 (1989). In *Kirkpatrick*, since the bond and notice were filed within the requisite time, the Court allowed the appeal to proceed, notwithstanding the fact that the Motion for Judgment had been filed beyond the thirty-day limit.

On the facts of this case, this Court is of the opinion that the plaintiff has demonstrated compliance with the statute. At the time Pleasant received notice of the denial of the claim, the company was subject to the jurisdiction of the Bankruptcy Court, having filed for Chapter 11 Reorganization in 1991. As a result, the filing of the petition in Bankruptcy Court stayed all other proceedings. 11 U.S.C. § 362. This Court can only conclude that the stay also tolls the limitation period for any issue that is presented to the Bankruptcy Court. In this instance, the thirty-day clock began to run when Pleasant received notice of the Board's disallowance of the claim November 2, 1993. By filing the petition in Bankruptcy Court on November 17, 1993, Pleasant used fifteen days of its thirty-day clock. Upon receiving the Bankruptcy Court's notice of abstention on March 16, 1994, and instituting the action in the Circuit Court, Pleasant expended another eight days. Accordingly, by filing the notice and bond on the twenty-third day, the plaintiff's actions conform to the Code of Virginia § 15.1-550 et seq.

The plaintiff's claim survives the Plea in Bar. The fact that the plaintiff first pursued a remedy in Bankruptcy Court presents no impediment to the jurisdiction of the Circuit Court in this case.

## July 15, 1994

The Court has read Defendant's Motion for Reconsideration of the Court's letter opinion dated June 8, 1994, regarding the above-styled matter. Upon review of the motion and supporting memorandum, the Court overrules the Motion for Reconsideration.

Although Defendant alleges that Title 11 U.S.C. § 108 is controlling in this case, analysis of the express language in that statute supports this Court's interpretation of the effect of the Bankruptcy Code on the timing of actions brought by debtors. Particularly, the language found at 11 U.S.C. § 108(a)(1) allows an extension of time to commence an action before the later of two years or "the end of such period [fixed by applicable nonbankruptcy law], *including any suspension of such period occurring on or after the commencement of the case . . . .*" (Emphasis added.) This Court finds that the Bankruptcy Court's initial assumption of juris-

diction over Plaintiff's Petition to Compel Turnover of the Property of the Estate in November 1993 was sufficient to satisfy the "suspension" contemplated by the drafters of this provision. Plaintiff's action against Fairfax County was thus stayed until such time as the Bankruptcy Court either decided the matter or abstained from jurisdiction.

Accordingly, the Bankruptcy Court's exercise of permissive abstention in March 1993 enabled Plaintiff to refile the action in state court, which Plaintiff effected within the time fixed by state law and pursuant to the procedures set forth in the Code of Virginia § 15.1-552.