UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Chafin and Senior Judge Clements
Argued at Lexington, Virginia

TIMOTHY WAYNE AMOS

MEMORANDUM OPINION[*] BY
v.      Record No. 1779-17-3          JUDGE ROBERT J. HUMPHREYS
JULY 31, 2018

MARY LOU DOOLEY AMOS

FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Richard C. Patterson, Judge

Sharon R. Chickering (Trial Lawyers, P.C., on brief), for appellant.

Robert M. Galumbeck (Galumbeck and Kegley, on brief), for
appellee.

Timothy Wayne Amos ("husband") appeals the decision of the Circuit Court of Tazewell

County ("circuit court") dated September 25, 2017, finding no clerical error concerning the

period used to calculate the portion of his railroad pension granted to Mary Lou Dooley Amos

("wife") in the final decree of divorce, dated October 26, 1994.[1]  That decree, made pursuant to

Code § 20-91, granted wife a portion of husband's railroad retirement benefits payable when he

began receiving them, and calculated at a "sum equal to one-third of the product of the payment

received multiplied by the dividend of the total number of years of employment, upon which the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife argues that husband's appeal is procedurally defaulted on several grounds, most
pertinently that husband failed to post the appeal bond in a timely manner as required by
Rule 5A:6(a) and Code § 8.01-676.1.  Husband's delay would once have been fatal, but changes
to the code explicitly state that such bonds are not to be considered jurisdictional and that the
time for filing the bond may be extended by this Court.  See Code § 8.01-676.1(P); Foster v.
Foster, 237 Va. 484, 378 S.E.2d 826 (1989).  Husband has not defaulted on these or other
grounds.

pension is based, divided by the number of those years during which the parties were married." Husband retired in 2016 and began receiving payments, he subsequently sought reinstatement of the divorce decree on the circuit court's docket for purposes of correcting two clerical errors, the court acquiesced, and argument was heard on May 12, 2017.

Wife agreed to the first of husband's argued clerical errors—that the numerator and denominator used to calculate wife's interest were transposed and wife's share should have been calculated as the number of years the parties were married divided by the total number of years husband was employed.[2] However, husband also argued that the figure used in this calculation should have been the length of the marriage until separation, rather than until the entry of the final divorce decree terminating the marriage. The circuit court entered an order correcting the error agreed to by the parties, but did not find that the second point argued by husband qualified as a clerical error because the decree of divorce stated no separation date, and the circuit court could not discount the fact that the calculation of the marital share may have been the result of an agreement between the parties. Husband now appeals to this Court.

Code § 8.01-428 allows courts to correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission." Code § 8.01-428(B). Such corrections may be made at any time, and on the court's own initiative or on the motion of any party. "However, to invoke such authority the evidence must clearly support the conclusion that an error of oversight or inadvertence has been made." Cass v. Lassiter, 2 Va. App. 273, 277, 343 S.E.2d 470, 473 (1986).

Husband argues that the period used in calculating wife's benefits was a clerical error because the court measured to the end of the marriage rather than to the date of separation. Code

---

[2] Since husband was employed longer than the parties were married, the decree as originally written would have multiplied wife's share by a factor greater than the length of their marriage, resulting in her receiving a larger share of the pension than husband.

§ 20-107.3, which defines the share of a pension the spouse may receive, directs that "[n]o such [pension] payment shall exceed 50 percent of the marital share of the cash benefits actually received by the party against whom such award is made. 'Marital share' means that portion of the total interest, the right to which was earned during the marriage and *before the last separation of the parties*." Code § 20-107.3(G)(1) (emphasis added). Husband argues that just as it was recognized as a clerical error to transpose the numerator and denominator in the pension payment calculation, it was also error to use the entire length of the marriage. As support for his classification of this calculation as clerical error, husband cites Dorn v. Dorn, 222 Va. 288, 279 S.E.2d 393 (1981), wherein our Supreme Court corrected as a clerical error a drafting error in a divorce decree's award of child support. Likewise, in Cass, this Court upheld a court's correction of conflicting spousal support awards as a clerical error.

It is true that errors in spousal payment awards may constitute clerical errors for purposes of Code § 8.01-428(B). However, as the Cass Court noted, the proper standard for such corrections is that "the evidence must clearly support the conclusion that an error of oversight or inadvertence has been made." Cass, 2 Va. App. at 277, 343 S.E.2d at 473.

Here, the circuit court considered the absence of a separation date from the divorce decree, the inclusion of language in the divorce decree that the parties had reached agreements, and husband's lack of evidence as to the substance of the mentioned agreements as ambiguity sufficient to prevent considering the period of calculation as error. The nature and terms of the "agreements" of the parties referenced in the divorce decree were not made part of the record in the circuit court or in this appeal.[3] Without knowing the terms of these agreements, it was

---

[3] The decree of divorce simply states that counsel "made statements to the Court concerning the issues as well as agreements."

impossible for the circuit court to know whether one of these agreements concerned the pension calculation.

In response, husband argues that because the divorce decree states that the pension award is made "in accordance with Virginia Code Section 20-107.3" any agreement of the parties, though referenced earlier in the decree, must not have been considered with respect to husband's pension. Husband argues that without an affirmative declaration that the parties have waived equitable distribution we must assume that the pension distribution was in error as it exceeded the "jurisdictional parameters" of Code § 20-107.3 by including the period of separation. Husband does not cite any law to support a need for this affirmative declaration. To the contrary, Code § 20-107.3 states that "[n]othing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties pursuant to §§ 20-109 and 20-109.1. Agreements, otherwise valid as contracts, entered into between spouses prior to the marriage shall be recognized and enforceable." Code § 20-107.3(I). An award made in accordance with Code § 20-107.3, therefore, encourages the inclusion of agreements between the parties rather than prohibiting them.

Further, even assuming arguendo that this portion of the divorce decree was not subject to the parties' agreements, it is unclear whether wife's award exceeded the limits of Code § 20-107.3(G)(1) which only states that "[n]o such payment shall exceed 50 percent of the marital share." Wife was awarded *one-third* of husband's pension payments multiplied by the sum of the length of their marriage divided by the length of husband's employment. The parties were married in 1977 and divorced in 1994, and husband alleges a separation period of some fifteen months. The record before us does not reflect when husband began work, and only indicates that he retired at some point in 2016. However, even the argued "additional" fifteen months appears insufficient to

raise wife's portion from one-third to over one-half, and therefore the record is not clear that the statutory limitation would be exceeded.

Regardless, without evidence in the record to support his assignment of error, husband's argument amounts to conjecture which cannot satisfy the evidentiary standard outlined in <u>Cass</u> required to find a clerical error that should have been corrected. We therefore find no error in the circuit court's judgment and decline to award attorney's fees in this matter.

For the foregoing reasons, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>