COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank\*

CHRISTINE SOLEM

MEMORANDUM OPINION\*\*
v.      Record No. 1102-22-2      PER CURIAM
APRIL 4, 2023

SARAH TAYLOR

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

(Christine Solem, on briefs), *pro se*.

(Michael E. Derdeyn; Ashley T. Hart; Flora Pettit, PC, on brief), for appellee.

Christine Solem sought declaratory judgment that appellee Sarah Taylor had violated her constitutional rights by preventing her from speaking by telephone with Charles Taylor III (Charles), an incapacitated adult.[1] Solem further asked the circuit court to enjoin Taylor from preventing such telephonic communication. Taylor filed a demurrer, which the circuit court sustained. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary. The dispositive issue in this appeal—whether the United States Constitution vests Solem with rights enforceable against Taylor, a non-state actor—has been "authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

---

\* Retired Judge Frank took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

\*\* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Sarah Taylor is Charles's sister. Charles suffers from Alzheimer's disease.

BACKGROUND[2]

Solem formed a friendship with Charles in 2011. Around 2018, he received a diagnosis of Alzheimer's disease and Solem began assisting Charles with aspects of daily life and his care, including participating in medical decisions with Charles's doctors.

On December 3, 2021, Taylor moved Charles to the Arden Courts Nursing and Memory Care Center in Virginia Beach, about three hours away from Solem's home. Residents at Arden Courts may only be contacted remotely by calls to the charge nurse's desk. For the first few weeks after Charles moved to Arden Courts, Solem was able to speak with him by phone in this manner, but in late January 2022 Arden Courts began denying Solem permission to speak with Charles at Taylor's direction. Solem has not spoken with him since.

On March 7, 2022, Solem filed her complaint seeking declaratory judgment and injunctive relief. Solem specifically sought a declaration that she "has the liberty, under the Constitution of the United States to phone and speak to Charles W. Taylor III." As to injunctive relief, she asked the circuit court "to order Defendant/Sarah Taylor to cease and desist forbidding . . . Solem from phoning and talking to Defendant's brother, Charles W. Taylor III." Solem cited only the United States Constitution, generally, as authority for the relief requested. Taylor responded with a demurrer, arguing that Solem's complaint failed to state a claim for the relief requested because "[n]o such right exists under the Constitution" and, even if it did, Taylor would not be subject to such a claim because she is not a state actor. Taylor argued "that the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State," a test Solem could not meet.

---

[2] "Under familiar principles, a demurrer tests only the sufficiency of factual allegations made in a pleading to determine whether the pleading states a cause of action." *Barber v. VistaRMS, Inc.*, 272 Va. 319, 327 (2006). We accept "the truth of all material facts that are . . . expressly alleged, those that are impliedly alleged, and those that may be fairly and justly inferred from the facts alleged." *Harris v. Kreutzer*, 271 Va. 188, 195 (2006).

At the hearing on Taylor's demurrer, Solem continued to assert an enforceable liberty interest, rooted in the United States Constitution, in the "pursuit of happiness," which included her "liberty" to speak with her friend on the phone. Taylor countered that "[t]he 14th Amendment under the United States Constitution protects an individual's rights to liberty from state actors, but not from private individuals." Asserting that she was "not a state actor," Taylor argued that "as a matter of law there [wa]s no viable cause of action against [her] for infringing upon . . . Solem's [asserted] liberty [interest]." Taylor further argued that "the declaratory judgment act . . . is a procedural statute" and that Solem had to demonstrate "a substantive basis in law" to bring an action under it. Solem could not meet that threshold requirement, Taylor argued, because her claim relied entirely upon the federal Constitution. Taylor asked that Solem's claim "be dismissed with prejudice."

The circuit court asked sua sponte whether declaratory judgment was the proper vehicle for relief considering that the alleged harm had already occurred, leaving no "preventive" relief the court could fashion. The circuit court sustained Taylor's demurrer, finding that Solem's complaint "s[ought] relief from an alleged harm that has already occurred, rather than preventative relief," and dismissed her request for injunction as "merely a remedy and not a cause of action." Solem appeals.[3]

ANALYSIS

On appeal, we review a circuit court's judgment sustaining a demurrer de novo "accept[ing] as true all factual allegations expressly pleaded in the complaint and interpret those

---

[3] Taylor urges the Court to dismiss this appeal because Solem failed to timely file her appeal bond with the circuit court as Code § 8.01-676.1(A) requires. Solem subsequently filed her appeal bond on November 15, 2022; the circuit court notified this Court of her payment on December 22, 2022. As our Supreme Court explained in *Foster v. Foster*, 237 Va. 484 (1989), bonds are not jurisdictional and that the time for filing the bond may be extended by this Court. *See* Code § 8.01-676.1(P). Thus, we deny the motion to dismiss.

allegations in the light most favorable to the plaintiff." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018). "When a court dismisses a complaint on demurrer, we assume without any corroboration that factual allegations made with 'sufficient definiteness' are presumptively true." *Morgan v. Bd. of Supervisors of Hanover Cnty.*, ___ Va. ___, ___ (Feb. 2, 2023) (quoting *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 514 (2014)). "But we are not bound by the pleader's conclusions of law that are couched as facts." *Theologis v. Weiler*, 76 Va. App. 596, 600 (2023). This Court also reviews "[q]uestions of statutory interpretation and constitutional law" de novo. *Walker v. Commonwealth*, 74 Va. App. 475, 506 (2022).

Solem argues that the circuit court erred in sustaining Taylor's demurrer and dismissing her complaint with prejudice because she "was not provided with proper notice and opportunity to be heard" at the hearing on the demurrer. She further asserts that the circuit court "erred in introducing the Declaratory Judgment Claim in the first place and then proceeding to rule that [] *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle County Bd. of Supervisors*, 285 Va. 87 (2013)[,] was definitive in [her] case." Finally, she alleges that the circuit court "erred in failing to rule on the issue, upon which Solem intends to rely, that the power of attorney held by Defendant/Taylor is not applicable to Solem's claim." We address each argument in turn.

I. Solem waived her claim about lack of notice and an opportunity to be heard.

Solem makes two related claims concerning the argument at the hearing on Taylor's demurrer. First, she contends that the circuit court failed to give her proper notice that it would hear argument on whether Solem's claims remained pendant or had already fully matured, thus precluding declaratory judgment. Second, she asserts that the circuit court erred in dismissing her claim with prejudice by relying on *Charlottesville Area Fitness* because she did not have time to research the case, so was effectively deprived of an opportunity to be heard.

- 4 -

We readily dispense with the notice claim because Solem did not object to the purported lack of notice or request a continuance to better prepare. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Furthermore, objections must be both timely and specific. *Bethea v. Commonwealth*, 297 Va. 730, 734 (2019). By failing to object to the alleged lack of notice or seek some other remedy, Solem has waived this argument and cannot raise it for the first time now on appeal. Rule 5A:18. Although there are exceptions to Rule 5A:18, Solem has not invoked them and we do not do so sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc).

II. Solem's claims do not present a justiciable controversy.

Solem next contends that the circuit court erred by relying on *Charlottesville Area Fitness*, which neither party had raised or argued. The record demonstrates that at the hearing on the demurrer, the circuit court specifically directed the parties to the case and asked them to address its application to Solem's complaint. Where "claims and rights asserted have fully matured, and the alleged wrongs have already been suffered, a declaratory judgment proceeding . . . is not an available remedy." *RECP IV WG Land Inv. LLC v. Capital One Bank (USA), N.A.*, 295 Va. 268, 281 (2018) (alteration in original) (quoting *Charlottesville Area Fitness*, 285 Va. at 99). Following *Charlottesville Area Fitness*, the circuit court took the view that the harm Solem complained of had fully matured when Taylor arranged to have Arden Courts bar her from speaking with Charles ("What I'm concerned about is that this action has already occurred in the past."). Solem countered that her inability to contact Charles by phone was a continuing harm that could "probably happen again."

We find it unnecessary to determine whether the harm Solem identified was fully mature or ongoing because Solem's claim did not present a justiciable controversy. "Under the right-result-different-reason principle, an appellate court 'do[es] not hesitate, in a proper case, where the correct conclusion has been reached but [a different] reason [is] given, to sustain the result [on an alternative] ground.'" *Laney v. Commonwealth*, 76 Va. App. 155, 162 n.3 (2022) (alterations in original) (quoting *Vandyke v. Commonwealth*, 71 Va. App. 723, 731 (2020)).

"We have an 'obligation to decide cases on the best and narrowest grounds available.'" *Theologis*, 76 Va. App. at 603 (quoting *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022)). "The 'best' answer to a legal question is" the answer with which "the greatest number of jurists would agree." *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020). "The 'narrowest' answer to a legal question is the one affecting the least number of cases." *Id.* In this case, the "best" and "narrowest" ground is that Taylor is not a state actor.

Solem's only articulated basis for a justiciable controversy was, and remains, her reliance on the United States Constitution as authority for her claimed liberty interest in freedom to call whomever she pleases. Solem does not name the specific constitutional provision upon which she relies but asserts that she is entitled to enforce her interest in "freedom from restraint under conditions *essential for the equal enjoyment of this same right by others.*" (Emphasis added). Thus, we infer that she relies on the Fourteenth Amendment. That reliance, however, is misplaced.

"[T]he Fourteenth Amendment, by its very terms, prohibits only state action." *United States v. Morrison*, 529 U.S. 598, 621 (2000). It "erects no shield against merely private conduct, however discriminatory or wrongful." *Id.* (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 & n.12 (1948)). To sustain her constitutional claim, Solem must show that Taylor, "the party charged with the deprivation" of Solem's rights, is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 923 (1982). Solem has alleged no

government participation in this controversy at all. In the absence of such participation, the Fourteenth Amendment provides no right of action against a private party in a private dispute. Thus, Solem's reliance on the Fourteenth Amendment is fatal to her declaratory judgment claim.

Because Solem failed to present a justiciable claim to support her petition for declaratory judgment, the circuit court correctly dismissed her complaint with prejudice.

### III. The circuit court adequately addressed the power of attorney.

Finally, Solem alleges that the circuit court erred by "failing to rule on the issue . . . that the power of attorney held by Defendant/Taylor is not applicable to Solem's claim." The record does not support this argument. The circuit court ruled that because Solem had sued Taylor in the latter's individual capacity rather than her representative capacity, it could not consider the power of attorney. Thus, the circuit court did not fail to rule.

### CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.