PRESENT:   All the Justices

VIKING ENTERPRISE, INC.

v. Record No. 080215      OPINION BY JUSTICE CYNTHIA D. KINSER
                                        January 16, 2009
COUNTY OF CHESTERFIELD

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Judge

Viking Enterprise, Inc., (Viking) and the County of

Chesterfield (the County) entered into a contract covered by the

Virginia Public Procurement Act, Code §§ 2.2-4300 through -4377

(the Procurement Act).[1]  Viking filed an appeal within the six-

month period required by Code § 2.2-4363(E) from the County's

disallowance of a monetary claim arising out of the contract.

The sole issue on appeal is whether Viking also had to comply

with the provisions of Code § 15.2-1246 requiring written notice

of the appeal to be served on the clerk of the County's

governing body and execution of a bond.  Because we conclude

that the statutory provisions at issue are not in conflict and

can be read together, we hold that the circuit court did not err

in dismissing Viking's complaint for failure to fulfill the

requirements of Code § 15.2-1246.

---

[1] For purposes of this opinion, we assume the Procurement
Act applies to the contract between Viking and the County.  The
County, however, argues that it enacted an ordinance opting out
of the Procurement Act in accordance with Code § 2.2-
4343(A)(10), and therefore the Procurement Act does not apply.
Because we will affirm the judgment of the circuit court on

Viking entered into a written contract with the County for the construction of a fire station. During the performance of the contract, the County insisted that Viking remove and replace the entire concrete floor in the apparatus bay area of the station. Viking contended that replacement of the concrete was unnecessary and the floor's problem could be repaired without re-pouring concrete. Nevertheless, Viking caused its subcontractor to remove and replace the entire concrete floor in the apparatus bay area. Viking then submitted a claim to the County in the amount of $86,531 for the additional work performed and materials furnished. The County's board of supervisors denied the claim at its July 25, 2007 meeting. The clerk of the County's board of supervisors gave Viking written notice of the denial in a letter dated August 2, 2005.

Viking filed a complaint in the circuit court on January 27, 2006. Viking non-suited its action and refiled its complaint on February 13, 2007, seeking a judgment against the County in the amount of $86,531. In response, the County filed a demurrer and motion to dismiss, asserting that Viking had failed to comply with the jurisdictional requirements of Code § 15.2-1246 governing the appeal of a monetary claim against a county. The County argued that Viking failed to state a claim

other grounds, we will not address this argument nor decide whether the County properly preserved it for appeal.

2

for relief and the circuit court lacked jurisdiction over Viking's claim.

Before the circuit court, Viking acknowledged it did not serve written notice of its appeal on the clerk of the County's governing body and did not execute a bond to the County, as required by Code § 15.2-1246. Viking, however, asserted it had timely filed its complaint and otherwise complied with the requirements of the Procurement Act, specifically Code §§ 2.2-4363(E) and -4364(E), for appealing the County's denial of its claim. Viking argued the provisions of the Procurement Act "superseded" the requirements of Code § 15.2-1246 because the statutes are in conflict and the Procurement Act, which is more specific, is controlling. Thus, according to Viking, it did not need to comply with the notice and bond requirements of Code § 15.2-1246.

The circuit court sustained the County's demurrer and motion to dismiss. In a letter opinion incorporated into its final order, the court concluded "that while [Code] § 2.2-4363 applies to how claims are initially presented to the public body, it does not direct how suits against the County are to be brought." The court further stated:

> [Code §] 2.2-4363(E) directs that legal actions are to be instituted as provided in [Code §] 2.2-4364. [Code §] 2.2-4364 merely provides that such actions are to be brought in [the] proper circuit court. The circuit court, however, must have jurisdiction. The [c]ourt

3

>       rules it cannot exercise jurisdiction for [Viking's]
>       failure to comply with [Code §] 15.2-1246: neither the
>       time nor bond requirements have been met.

Thus, the court dismissed Viking's complaint with prejudice.
Viking appeals from the circuit court's judgment.

The sole issue on appeal is whether the circuit court erred by dismissing Viking's complaint because it failed to comply with the requirements of Code § 15.2-1246.  The provisions of Code § 15.2-1246 set out the procedures for an appeal from a decision by a county's governing body disallowing a monetary claim against the county.  See Nuckols v. Moore, 234 Va. 478, 482, 362 S.E.2d 715, 717 (1987) (holding that the procedural requirements of former Code §§ 15.1-550 through -554, now Code §§ 15.2-1245 through -1248, are applicable only to monetary claims against a county).[2]  The statute, in its entirety, states:

>       When a claim of any person against a county is
>   disallowed in whole or in part by the governing body,
>   if such person is present, he may appeal from the
>   decision of the governing body within thirty days from
>   the date of the decision. If the claimant is not
>   present, the clerk of the governing body shall serve a
>   written notice of the disallowance on him or his
>   agent, and he may appeal from the decision within
>   thirty days after service of such notice. In no case
>   shall the appeal be taken after the lapse of six
>   months from the date of the decision. The appeal shall
>   be filed with the circuit court for the county. No

---

[2] The General Assembly enacted legislation in 1997 to create Title 15.2 and repeal Title 15.1, "revising and recodifying laws pertaining to counties, cities and towns of Virginia."  1997 Acts ch. 587.  The General Assembly, however, made no substantive changes to the sections of the Code at issue in this case.

4

appeal shall be allowed unless the amount disallowed exceeds ten dollars. The disallowance may be appealed by serving written notice on the clerk of the governing body and executing a bond to the county, with sufficient surety to be approved by the clerk of the governing body, with condition for the faithful prosecution of such appeal, and the payment of all costs imposed on the appellant by the court.

Code § 15.2-1246 (emphasis added).

In contrast, the Procurement Act, in particular Code § 2.2-4363, establishes certain procedures for handling claims arising out of public procurement contracts. As relevant to the issue before us, Code § 2.2-4363(E) states:

The decision of the public body shall be final and conclusive unless the contractor appeals within six months of the date of the final decision on the claim by the public body by invoking administrative procedures meeting the standards of § 2.2-4365, if available, or in the alternative by instituting legal action as provided in § 2.2-4364.

Pursuant to Code § 2.2-4364(E), "[a] contractor may bring an action involving a contract dispute with a public body in the appropriate circuit court."

Viking asserts it complied with the requirements of Code §§ 2.2-4363(E) and -4364(E) by filing its complaint in the circuit court within six months after the County's board of supervisors denied its claim and the circuit court, therefore, had jurisdiction to decide the claim on its merits. Viking argues here, as it did in the circuit court, that it needed only to comply with requirements of the Procurement Act in order to

challenge the County's denial of its claim.  Viking contends it did not have to fulfill the notice and bond requirements of Code § 15.2-1246.

Continuing, Viking asserts that the provisions of Code § 2.2-4363(E) and those of Code § 15.2-1246 are conflicting.  According to Viking, the Procurement Act is more specific because it addresses claims arising out of public procurement contracts whereas Code § 15.2-1246 concerns all monetary claims asserted against a county.  For these reasons, Viking contends the Procurement Act controls.

Our resolution of the issue before us is guided by well-settled principles of appellate review and statutory construction.  The interpretation of the various cited statutes involves a pure question of law, which we determine de novo on appeal.  Logan v. City Council of the City of Roanoke, 275 Va. 483, 492, 659 S.E.2d 296, 300 (2008); Miller v. Highland County, 274 Va. 355, 364, 650 S.E.2d 532, 535 (2007); Budd v. Punyanitya, 273 Va. 583, 591, 643 S.E.2d 180, 184 (2007).  "[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent."  Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983) (citing Tiller v. Commonwealth, 193 Va. 418, 420, 69 S.E.2d 441, 443 (1952)).  "[W]hen two statutes seemingly conflict, they should be harmonized, if at all possible, to give effect to

6

both." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998) (citing Board of Supervisors v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975)). However, when two statutes do conflict, and "one statute speaks to a subject generally and another deals with an element of that subject specifically," the more specific statute is controlling. Commonwealth v. Brown, 259 Va. 697, 706, 529 S.E.2d 96, 101 (2000) (citing Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)); see also County of Fairfax v. Century Concrete Servs., Inc., 254 Va. 423, 427, 492 S.E.2d 648, 650 (1997); Dodson v. Potomac Mack Sales & Serv., Inc., 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991).

This Court has held that the requirements of former Code §§ 15.1-550 et seq., now Code §§ 15.2-1243 et seq., " 'provide the exclusive procedure for litigating claims against a county' " and the " '[f]ailure to allege compliance with these statutes is fatal to an action against a county.' " New Kent County v. Worley Aviation, Inc., 255 Va. 186, 193, 496 S.E.2d 70, 74 (1998) (quoting Burk v. Porter, 222 Va. 795, 797, 284 S.E.2d 602, 603 (1981)). Further, failure to substantially comply with the statutory requirement for executing a bond with sufficient surety "constitutes a jurisdictional defect" that prevents a circuit court from acquiring jurisdiction of an appeal from a county's disallowance of a monetary claim. Parker

7

v. Prince William County, 198 Va. 231, 235, 93 S.E.2d 136, 139 (1956).

In other words, the notice and bond requirements set forth in Code § 15.2-1246 are the "mode prescribed" for pursuing an appeal from a county's disallowance of a monetary claim. Botetourt County v. Burger, 86 Va. 530, 533, 10 S.E. 264, 265 (1889). As stated by this Court in Burger:

> The sovereign can be sued only by its own consent, and a state granting the right to its citizens to bring suit against it can be sued only in the mode prescribed. The same principles apply to a county, which is a part of the state, which is, as we have said, a political subdivision of the state, suable only in the mode prescribed in the law granting the right to sue.

Id.

We explained, however, in Kirkpatrick v. County of Prince William, 238 Va. xxvii, xxvii, 384 S.E.2d 800, 801 (1989), that in order to perfect an appeal to a circuit court from the denial of a monetary claim by a county's governing body, a claimant needs only to serve the notice of appeal on the clerk of the governing body and execute a bond to the county, all within 30 days after either the date of the decision or service of a written notice of the disallowance upon the claimant.[3] Id. The

---

[3] Regardless of when the 30-day period commences to run, the provisions of Code § 15.2-1246 also direct that "[i]n no case shall the appeal be taken after the lapse of six months from the date of the decision."

claimant is not required to file a complaint in the circuit court within the 30-day deadline.  Id.

Thus, contrary to Viking's argument, the provisions of Code §§ 2.2-4346(E) and 15.2-1246 are not in conflict.  Accordingly, there is no need to determine which statute is more specific. The two statutes can be "harmonized" and both can be "give[n] effect."  Zamani, 256 Va. at 395, 507 S.E.2d at 609.

When the County's board of supervisors denied Viking's claim and the clerk of the governing body served Viking with a written notice of the disallowance, Viking then had 30 days to comply with the requirements of Code § 15.2-1246 by serving written notice of its appeal on the clerk of the governing body and executing a bond to the County with sufficient surety. Viking had to do so in order for the circuit court to acquire jurisdiction of its appeal.  See Parker, 198 Va. at 235, 93 S.E.2d at 139.  Since Viking's claim arose out of a construction contract subject to the Procurement Act, it then had to file its complaint in the circuit court within six months of the date of the final decision of the public body in accordance with Code §§ 2.2-4363(E) and -4364(E).

Viking, nevertheless, points to our decisions in Flory Small Business Development Center v. Commonwealth, 261 Va. 230, 541 S.E.2d 915 (2001), Mid-Atlantic Business Communications, Inc. v. Virginia Department of Motor Vehicles, 269 Va. 51, 606

9

S.E.2d 835 (2005), and <u>Blake Construction Co. v. Upper Occoquan</u> <u>Sewage Authority</u>, 266 Va. 564, 587 S.E.2d 711 (2003), for the proposition that the provisions of the Procurement Act are controlling and the notice and bond requirements set forth in Code § 15.2-1246 can, therefore, be disregarded. We do not agree. These cases are not dispositive of the issue before us in this appeal.

In <u>Flory</u>, the Court decided whether the Procurement Act applied to the Center's contractual claim against the Commonwealth and if so, "whether the Center complied with the notice provisions of [the] Act" when initially presenting its claim. 261 Va. at 233, 541 S.E.2d at 916. After concluding the Procurement Act did apply to the claim at issue, the Court held the Center had failed to substantially comply with the notice requirements of the Procurement Act. <u>Id.</u> at 238-39, 541 S.E.2d at 919. The Center, however, argued its claim was nevertheless valid since it had complied with the more general notice requirements for presenting pecuniary claims against the Commonwealth. <u>Id.</u> at 239, 541 S.E.2d at 920. In response to this argument, the Court stated, "the Procurement Act is a specific statute relating to the acquisition of services by public bodies and thus prevails over the more general statutes relating to the presentation of pecuniary claims against the Commonwealth." <u>Id.</u> We did not address what procedures a

10

claimant must follow when appealing the Commonwealth's denial of a claim covered by the Procurement Act, much less the requirements for appealing the denial of a claim by a county's governing body. Rather, the decision addressed only the requirements for initially presenting to the Commonwealth a claim to which the Procurement Act applied. Id. at 237, 541 S.E.2d at 918.

The Court in Mid-Atlantic decided whether a claimant instituted a legal action challenging the denial of a claim by the Virginia Department of Motor Vehicles within six months of the final decision of the public body in accordance with provisions of Code § 2.2-4363(D), now Code § 2.2-4363(E).[4] 269 Va. at 54, 606 S.E.2d at 836-37. Unlike the case before us, the issue in Mid-Atlantic did not involve an appeal from the disallowance of a claim by the governing body of a county. Similarly, the issue in Blake concerned an appeal from a decision of a sewage authority, not a county, denying a claim covered by the Procurement Act. 266 Va. at 568, 587 S.E.2d at 713.

For these reasons, we conclude that the procedural requirements set forth in Code §§ 2.2-4363(E) and -4364(E) do

---

[4] The 2005 amendment inserted new subsection C; redesignated former subsections C and D as present subsections D and E; and made minor stylistic changes. See 2005 Acts ch. 815.

not conflict with the notice and bond requirements of Code

§ 15.2-1246.  Thus, we hold that, when appealing from a county's

disallowance of a claim arising out of a contract covered by the

Procurement Act, the claimant must serve written notice of its

appeal on the clerk of the county's governing body and execute a

bond to the county, both within 30 days from the date of either

the decision or service of written notice of the denial, in

accordance with Code § 15.2-1246.  The claimant must then

institute legal action in the appropriate circuit court within

six months of the date of the decision denying the claim, in

accordance with Code §§ 2.2-4363(E) and -4364(E).[5]  Because

Viking failed to comply with the requirements of Code § 15.2-

1246, we will affirm the judgment of the circuit court.

Affirmed.

---

[5] We recognize that the provisions of Code § 2.2-4363(E) also allow a claimant to appeal the denial of a claim by a public body "by invoking administrative procedures meeting the standards of § 2.2-4365, if available."  We express no opinion whether this portion of Code § 2.2-4363(E) conflicts with the notice and bond requirements of Code § 15.2-1246.