Present:  All the Justices

COUNTY OF ALBEMARLE, ET AL.
                                        OPINION BY
v.  Record No. 120711          JUSTICE LEROY F. MILLETTE, JR.
                                     February 28, 2013
CINDY CAMIRAND, ET AL.

              FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                      Cheryl V. Higgins, Judge

     Thirteen retired Albemarle County employees (collectively

"the Retirees") sought relief in the circuit court from a

decision of the Albemarle County Board of Supervisors

("Board").  The Board had disallowed payment on a portion of

the Retirees' promised retirement benefits under the County's

Voluntary Early Retirement Incentive Program ("VERIP") due to a

miscalculation by a County employee prior to the retirements,

and Retirees appealed to the circuit court of Albemarle County.

     The County and the Board (hereafter, "the County")

demurred, arguing that the Retirees failed to comply with Code

§ 15.2-1246 by not serving written notice of their appeal on

the clerk of the Board.  The Retirees had served the clerk with

a single document entitled "Appeal Bond."  The circuit court

overruled the demurrer.

     The County then filed for summary judgment on the ground

that no contract existed as a matter of law, as the excess

benefits resulting from the miscalculations had not been

approved by the Board.  The circuit court denied summary

judgment, and a jury trial followed.  At trial, the circuit court denied the County's motion to strike the Retirees' evidence regarding the issue denied in summary judgment.  The jury found in favor of plaintiffs, awarding each of the thirteen Retirees the amount of the withheld VERIP stipend that the County claimed would amount to an overpayment if properly calculated under the program.  The County filed this timely appeal, alleging that the circuit court erred in finding valid written notice and in determining that the existence of a contract was a jury issue.  We find the first issue determinative and therefore do not reach the second.

## DISCUSSION

The first issue is whether the circuit court was correct in finding that the Retirees complied with Code § 15.2-1246. As the content of the document filed is undisputed, this matter is a pure question of statutory interpretation and is reviewed de novo.  Brown v. Commonwealth, 284 Va. 538, 542, 733 S.E.2d 638, 640 (2012).

Code § 15.2-1246, at the time of the disallowance of claims, read as follows:

> When a claim of any person against a county is disallowed in whole or in part by the governing body, if such person is present, he may appeal from the decision of the governing body within 30 days from the date of the decision.  If the claimant is not present, the clerk of the governing body shall serve a written notice of the disallowance on him or his agent, and he

2

may appeal from the decision within 30 days after service of such notice. In no case shall the appeal be taken after the lapse of six months from the date of the decision. The appeal shall be filed with the circuit court for the county. No appeal shall be allowed unless the amount disallowed exceeds $10. <u>The disallowance may be appealed by serving written notice on the clerk of the governing body and executing a bond to the county, with sufficient surety to be approved by the clerk of the governing body, with condition for the faithful prosecution of such appeal, and the payment of all costs imposed on the appellant by the court.</u>

Code § 15.2-1246 (2010) (emphasis added).[*]

Each of the Retirees filed a document entitled "Appeal Bond." Those documents included the following language:

> Whereas, the Albemarle County Board of Supervisors on the 2nd day of June, 2010, denied a claim made by Principal in the amount of [the respective amounts claimed by each of the Retirees]; and
> Whereas, it is the intention of the Principal to appeal said denial of claim to the Circuit Court of Albemarle County. . . .

The Retirees argue that this language substantially complies with the statutory requirements for notice and, as it provides the relevant information to identify the decision being appealed and clearly contemplates an appeal, it should be accepted as sufficient for the purposes of notice.

---

[*] An amendment to this statute took effect on July 1, 2010, replacing "executing a bond to the county . . . to the clerk of the governing body" with "executing a cash or surety bond or irrevocable letter of credit to the county in the amount of $250." <u>See</u> 2010 Acts ch. 668. No party contends that this revision has any effect on the outcome of the present appeal. As it does not modify the requirement for written notice, the amendment does not alter today's analysis.

We disagree.  In suits against counties, the Court has been clear that the statutory notice and bond requirements must be followed.  We recently summarized the law on notice and bond requirements in suits against counties in Viking Enterprises, Inc. v. County of Chesterfield, 277 Va. 104, 110-11, 670 S.E.2d 741, 744 (2009):

> This Court has held that the requirements of former Code §§ 15.1-550 et seq., now Code §§ 15.2-1243 et seq., provide the exclusive procedure for litigating claims against a county and the [f]ailure to allege compliance with these statutes is fatal to an action against a county. . . .
> In other words, the notice and bond requirements set forth in Code § 15.2-1246 are the mode prescribed for pursuing an appeal from a county's disallowance of a monetary claim.  As [previously] stated by this Court[]:
>
> > The sovereign can be sued only by its own consent, and a state granting the right to its citizens to bring suit against it can be sued only in the mode prescribed.  The same principles apply to a county, which is a part of the state, which is, as we have said, a political subdivision of the state, suable only in the mode prescribed in the law granting the right to sue.

(Internal quotation marks and citations omitted.)

A party can thus perfect an appeal against a county in a case such as this only in the manner authorized by the language of the statute.  "In interpreting this statute, courts apply the plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result."  Baker v. Commonwealth, 284 Va. 572, 576, 733 S.E.2d 642, 644

4

(2012) (internal quotation marks and citation omitted). The plain language of Code § 15.2-1246 clearly requires both a written notice of appeal and a bond to be filed with the clerk. In the instant case, the bond is not titled "Notice of Appeal and Appeal Bond" and, notably, does not even include the word "notice" except in reference to the requisite notice of failure to pay the bond. The statute requires "written notice" and not mere "implied notice," which is what this Appeal Bond amounts to. To rule that the bond satisfies the requirements of the notice would be to render the phrase requiring written notice superfluous, contrary to basic canons of statutory construction. See Cook v. Commonwealth, 268 Va. 111, 114, 597 S.E.2d 84, 86 (2004) (stating that "statute[s] should be interpreted, if possible, to avoid rendering words superfluous.").

Furthermore, the "Whereas" phrasing traditionally signifies prefatory language or a preamble in a legal document, as opposed to the subject of the document itself. A "preamble" is "[a]n introductory statement in a constitution, statute, or other document explaining the document's basis and objective. . . . A preamble often consists of a series of clauses introduced by the conjunction whereas." Black's Law Dictionary 1294-95 (9th ed. 2009). "This Court has stated [that t]he preamble to a statute is no part of it and cannot

5

enlarge or confer powers or control the words of the act unless they are doubtful or ambiguous." Renkey v. County Bd., 272 Va. 369, 373, 634 S.E.2d 352, 355 (2006) (internal quotation marks and citations omitted). Although we have never explicitly ruled on the effect of a preamble in a statutorily required notice document, we find the same principle applicable. Here, nothing in the remainder of the document outside of the preamble is suggestive of an intent to function as a notice document. The document itself is unambiguously an appeal bond, and ambiguous language in the preamble cannot alter the function of the document. The clerk's office cannot be expected to look to prefatory language concerning an "intent to appeal" and divine a supplementary purpose to the document of providing actual notice of an appeal.

The Retirees also assert that the language of the statute appears to permit two methods of perfecting an appeal due to the repeated use of the word "may" as opposed to "must." We have said, however, that "consideration of the entire statute . . . to place its terms in context to ascertain their plain meaning does not offend the rule [requiring a plain reading] because it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal." Cuccinelli v. Rector & Visitors of the Univ. of Virginia, 283 Va. 420, 425, 722 S.E.2d

6

626, 629 (2012) (internal quotation marks and citations omitted). A review of the statute that controls here makes it clear that the word "may" is used because an appeal is permissible but not required; it does not constitute an alternative method of perfecting an appeal.

We therefore conclude that the statutorily required written notice of appeal was insufficient according to the plain meaning of the statute and, accordingly, the circuit court erred in failing to sustain the demurrer. As a result, we do not reach the merits of the issue presented in the second assignment of error.

CONCLUSION

For the aforementioned reason, we reverse the judgment of the circuit court, dismiss the Retirees' appeal with prejudice, and enter final judgment in favor of the County and the Board.

Reversed and final judgment.

JUSTICE MIMS, dissenting.

In this case, the majority reverses a jury's award of damages to thirteen retired Albemarle County employees because it concludes that a document filed with the clerk of the Board of Supervisors did not comply with Code § 15.2-1246, despite the fact that the County and the Board acknowledge that they suffered no prejudice in their defense against the claim. The

7

majority's reasoning elevates form over substance and is not supported by the statutory text. I therefore must dissent.

Code § 15.2-1246 requires a party appealing from the denial of a claim against a county to serve "written notice" on the clerk of the Board of Supervisors. The party also must execute a bond. While it is undisputed that both notice and bond are required, the statute does not require the notice to be filed as a separate, discrete document. It does not contain the term "notice of appeal." Cf. Code § 8.01-676.1(A) (requiring the filing of an appeal bond or irrevocable letter of credit "simultaneously" with a notice of appeal in an appeal of right to the Court of Appeals).

In reaching its decision in this case, the majority first contends that construing the appeal bond to satisfy the requirement of notice renders the latter superfluous. This ignores our precedents discussing the purpose of a notice of appeal. Less than one year ago, we stated that "the purpose of the notice of appeal is merely to place the opposing party on notice and to direct the clerk to prepare the record on appeal." LaCava v. Commonwealth, 283 Va. 465, 469 n.*, 722 S.E.2d 838, 840 n.* (2012). We specifically restated that

> " '[t]he purpose is not to penalize the appellant but to protect the appellee. If the required papers are not filed within the time required, the appellee is entitled to assume that the litigation is ended, and to act on that

8

> assumption.  Litigation is a serious and
> harassing matter, and the right to know when it
> is ended is a valuable right.' "

Id. (quoting Avery v. County School Board, 192 Va. 329, 330, 64 S.E.2d 767, 770 (1951)) (alterations omitted) (emphasis added). In this case, the County and the Board expressly acknowledged having actual notice of the appeal and conceded that the failure to serve written notice as a separate, discrete document did not prejudice them.[*]  Accordingly, the complete function of the notice of appeal was fully discharged.

The majority next contends that the content of the appeal bond does not adequately inform the County and the Board that an appeal actually would follow.  While the majority acknowledges that the document states that "[i]t is the intention of the Principal to appeal," it holds that language is merely prefatory or a legally ineffectual preamble. However, that construction ignores both the substance of the bond and the language of the statute, which require the subsequent faithful prosecution of the appeal to avoid default.

In short, there is nothing in the statute to compel the majority's conclusion.  Nothing in its plain language requires a party appealing the denial of a claim against a county to

---

[*] We also noted that the notice of appeal directs the clerk to prepare the record and transmit it to the appellate tribunal.  Id.  Here the record arrived successfully both in the circuit court and this Court.

9

file two separate, discrete instruments, and we are precluded from construing the statute to include requirements the General Assembly did not impose. See, e.g., Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005). To the contrary, the plain language of the statute requires two functions to be discharged: (1) notice to the parties and the clerk that the matter is not concluded and (2) provision of security for the costs of the appellate proceeding. Those statutory requirements may be fulfilled in a single instrument.

The majority therefore has not applied the plain language of the statute but rather has adopted an unnecessary and unsupported construction. The result is egregiously harmful to the retired employees, who relied to the detriment upon the County's erroneous representations. For these reasons, I must dissent.