# CIRCUIT COURT OF THE CITY OF NORFOLK

John A. Coggeshall

v.

Virginia Department
of the Treasury

February 12, 2014

Case No. (Civil) CL13-5614

By Judge Everett A. Martin, Jr.

This court appointed the plaintiff, an attorney at law, to represent one Skyler Hayward in 2007. Hayward was one of many co-defendants in a protracted series of trials held in this court arising out of a gang assault on a group of young men, one of whom died. The plaintiff pleads the proceedings against Hayward concluded on or about June 26, 2012.

The plaintiff also claims he submitted the proper forms to the trial judge seeking payment of additional amounts beyond the statutorily set maximums, that the trial judge and chief judge approved his submission, that the Clerk's Office sent his application to the Supreme Court around October 12, 2012, and that the Supreme Court had sufficient funds to pay his request. Nonetheless, he complains the Supreme Court has paid him only $5,994, leaving an unpaid claim of $25,355, which he alleges the Office of the Executive Secretary advised him "cannot be paid."

He has filed a three count amended complaint naming as defendants the Virginia Department of the Treasury (the "Treasury"), the Comptroller of Virginia, the Executive Secretary of the Supreme Court, and the Commonwealth of Virginia. In his original complaint, he named only the Treasury as a defendant. In objecting to the addition of the new defendants, the Treasury argues the plaintiff's claims are futile and it would not serve the interests of justice to require other defendants to file answers or demurrers and hold another hearing. I agree.

## Declaratory Judgment

The plaintiff's claim is liquidated and matured. He claims he is owed $25,355. The case is brought to resolve a disputed issue rather than an adjudication of the plaintiff's right, and thus a declaratory judgment proceeding is not proper. *USAA Casualty Ins. Co. v. Randolph*, 255 Va. 342, 497 S.E.2d 744 (1998).

## Mandamus

Although not raised by the Treasury, I question whether I have the authority to issue a writ of mandamus against the Executive Secretary of the Supreme Court. The Supreme Court appoints him, and he serves at its pleasure. He is to assist the Chief Justice and the Supreme Court in the administration of the judiciary, and he is to have such other duties as they may require of him. Code of Virginia §§ 17.1-314, 17.1-315. Nonetheless, I shall assume I have this authority, but I decline to exercise it because to do so would be futile.

With respect to allowances made by judges for the payment of money:

> The Comptroller shall not draw any warrant on the State Treasurer in satisfaction of any allowance made by any court of the Commonwealth until the Supreme Court has received notification of the allowance by the court of the claim and approved the allowance for payment.

Va. Code § 2.2-810. This statute implies that the Supreme Court could *dis*approve the payment. The Supreme Court has not approved the plaintiff's claim. Even if I further assume the Supreme Court has no discretion and must approve the plaintiff's claim, the Comptroller's duties are not ministerial:

> The Comptroller shall not issue a disbursement warrant unless and until he has audited . . . the bill, invoice . . . or other evidence of the claim . . . and satisfied himself as to the regularity, legality, and correctness of the expenditure or disbursement. . . . If he is so satisfied, he shall approve the same; otherwise, he shall withhold his approval.

Va. Code § 2.2-1822. Mandamus does not lie to compel the performance of an act necessarily calling for the exercise of judgment and discretion. *Thurston v. Hudgins*, 93 Va. 780, 20 S.E. 966 (1895). I clearly could not order the Comptroller to issue a warrant to the Treasury.

*Claim under Va. Code § 8.01-192*

The plaintiff relies on certain provisions of Va. Code § 19.2-163. After the presiding judge and the chief judge approve an application for a waiver and it is entered on the court's order book, "the Commonwealth . . . shall provide for the payment out of its treasury of the sum of money so specified." The statute also provides: "The circuit . . . court shall direct that the foregoing payments shall be paid out by the Commonwealth . . . to the attorney so appointed to defend such persons as compensation for such defense." This latter provision, however, when read in its entirety, merely requires that the attorney's fee be paid by the charging authority.

The plaintiff claims Va. Code § 19.2-163 and those cited above are in conflict and that the provision upon which he relies, being the more specific, ought to prevail over the more general statutes upon which the Treasury relies. *Viking Enterprise v. County of Chesterfield*, 277 Va. 104, 110, 670 S.E.2d 741, 744 (2009). The Treasury does not argue that "shall" in the first quoted provision of Va. Code § 19.2-163 should be construed as directory rather than mandatory, *White v. Morano*, 249 Va. 27, 32, 452 S.E.2d 856, 859 (1995); rather, it relies on another provision of Va. Code § 19.2-163: "If at any time the funds appropriated to pay for waivers under this section become insufficient, the Executive Secretary of the Supreme Court of Virginia shall so certify to the courts and no further waivers shall be approved." Because of this provision, I need not consider the 2011 budget amendments.

Pursuant to Va. Code § 8.01-388, I take judicial notice of a memorandum Karl Hade, Executive Secretary of the Supreme Court, sent to the courts (as required by Va. Code § 19.2-163) on May 23, 2012, which stated as pertinent:

> The General Assembly appropriated $4.2 million for waivers of the statutory fee caps in the 2011-12 fiscal year. We anticipate that, as of the close of business tomorrow or Friday, these 2011-12 funds will be exhausted. Therefore, we will no longer be able to pay for waivers in this fiscal year which ends June 30, 2012.
>
> The General Assembly did appropriate $4.2 million for waivers of the statutory fee caps in FY 13. Therefore, effective July 1, 2012, we will again be able to process approved waiver amounts for services rendered after July 1, 2012.

The General Assembly authorized a specific amount for waivers of the statutory fees. When those funds were exhausted "no further waivers shall be approved." The plaintiff's services were concluded around June 26, 2012, when there were no funds left to pay for waivers for that fiscal year.

I sustain the demurrer to the amended complaint without further leave to amend, and I deny the motion to add new parties.