COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, AtLee and Chaney
Argued at Fredericksburg, Virginia

MCDONNELL LANDSCAPING, INC.

                                                       MEMORANDUM OPINION[*] BY
v.        Record No. 1939-22-4        JUDGE MARY GRACE O'BRIEN
                                                         APRIL 30, 2024
THE COUNTY BOARD OF
  ARLINGTON COUNTY, VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Thomas R. Lynch (Asmar, Schor & McKenna, PLLC, on briefs), for
appellant.

Scott D. Helsel (Minhchau N. Corr, County Attorney; Kevin P.
Black, Assistant County Attorney; Walton & Adams, P.C.; Arlington
County Attorney's Office, on brief), for appellee.

This case concerns the steps a contractor must take to appeal from a county's

disallowance of a payment claim under Code § 15.2-1246.  Does the statute require a contractor

to submit to the county board a notice of appeal and bond within 30 days from the disallowance

decision, or may the contractor instead file its substantive complaint in circuit court within that

time frame—and then submit the notice of appeal and bond within six months?  Here, the court

ruled that the notice of appeal and bond were required within 30 days and that the contractor,

McDonnell Landscaping, Inc. ("McDonnell"), could not satisfy the statute by only filing its

complaint within that time frame.  The court sustained the Arlington County Board's ("Board")

special plea in bar of sovereign immunity and dismissed the case.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

On appeal, McDonnell argues the court erred by (1) finding that McDonnell failed to comply with the statute, despite having filed its complaint before any 30-day deadline, (2) ruling that, regardless of when it filed its complaint, McDonnell was nevertheless statutorily required to provide the notice of appeal and bond to the Board's clerk within 30 days, (3) finding that McDonnell had not "substantially complied" with Code § 15.2-1246, and (4) finding that the Board had sent a notice of disallowance sufficient to trigger any 30-day deadline. For the following reasons, we affirm.

BACKGROUND

McDonnell won a construction contract to improve a public park in Arlington County. By December 2020, McDonnell had substantially completed the project, and the park reopened to the public. A compensation dispute arose, and McDonnell presented a claim for payment at a Board meeting on July 19, 2022. The Board denied the claim and notified McDonnell of its decision by letter emailed on July 28, 2022, and by certified mail the following day.

McDonnell attempted to appeal the Board's decision by filing a complaint in circuit court on August 17. In the complaint, McDonnell stated that the court had jurisdiction pursuant to Code § 15.2-1246 "because the causes of action . . . arise from the decision of the Board . . . to disallow a claim against the County." The complaint specified that "[t]he causes of action . . . constitute an appeal from this decision of the Board."

McDonnell did not formally serve the complaint but instead emailed it to the Board on September 12. As reflected in a consent order, the Board agreed to accept service by email, without waiving objections to jurisdiction or other defenses, in exchange for an extension to file responsive pleadings.

Accordingly, on October 7, the Board responded by filing a special plea in bar of sovereign immunity, arguing that it was immune from suit because McDonnell did not comply

- 2 -

with the notice and bond requirements in Code § 15.2-1246. Specifically, the Board argued that McDonnell did not "serv[e] written notice on the clerk of the governing body and execut[e] a cash or surety bond . . . in the amount of $250" as provided in the statute.

Hours after the Board filed its special plea, McDonnell submitted a notice of appeal and a $250 law firm check to the Board's clerk. McDonnell then filed a brief in opposition to the special plea, arguing that Code § 15.2-1246 is ambiguous, that it gives six months to comply, and/or that McDonnell had substantially complied regardless of the exact requirements. McDonnell further argued that the clerk's July 28 letter was insufficient notice to trigger any 30-day deadline because it did not contain the words "disallowance" or "notice."

The court granted the Board's special plea and entered a final order dismissing McDonnell's suit with prejudice.

## ANALYSIS

### I. Assignments of Error 1 and 2

#### Whether Code § 15.2-1246 required notice of appeal and bond within 30 days

McDonnell argues the court erred by dismissing the case based on McDonnell's noncompliance with Code § 15.2-1246, which the court interpreted as requiring McDonnell to submit a notice of appeal and $250 bond to the Board clerk within 30 days of the disallowance decision. McDonnell asserts that the statute allows a claimant to appeal by filing a circuit court complaint within the 30-day time frame and submitting the notice and bond to the clerk within 6 months.

Our standard of review is de novo because the material facts are undisputed, *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 577 (2019), and the issues presented raise questions of statutory interpretation, *Ruderman v. Pritchard*, 76 Va. App. 295, 302 (2022).

- 3 -

Code § 15.2-1246 provides as follows:

> When a claim of any person against a county is disallowed in whole or in part by the governing body, if such person is present, he may appeal from the decision of the governing body within 30 days from the date of the decision. If the claimant is not present, the clerk of the governing body shall serve a written notice of the disallowance on him or his agent, and *he may appeal from the decision within 30 days after service of such notice.* In no case shall the appeal be taken after the *lapse of six months* from the date of the decision. The appeal *shall be filed with the circuit court for the county.* No appeal shall be allowed unless the amount disallowed exceeds $10. The disallowance *may be appealed by serving written notice on the clerk of the governing body and executing a cash or surety bond* or irrevocable letter of credit to the county in the amount of $250, with condition for the faithful prosecution of such appeal, and the payment of all costs imposed on the appellant by the court.

(Emphases added).

McDonnell was not present when the Board announced the disallowance decision at its meeting on July 19, 2022. Accordingly, under the statute, McDonnell was entitled to "written notice of the disallowance" and then had "30 days after service of such notice" to "appeal from the decision."

McDonnell received the written notice by email on July 28 and filed its circuit court complaint on August 17, which was within 30 days.[1] It did not, however, provide a notice of appeal and bond to the Board clerk until October 7—hours after the Board filed its special plea of sovereign immunity. McDonnell claims that its October 7 notice and bond were timely because the statute gives a claimant six months to perfect an appeal, insofar as the statute provides that "[i]n no case shall the appeal be taken after the lapse of six months from the date of the decision." *Id.* We consider (1) whether Code § 15.2-1246 required McDonnell to provide the notice and bond within the 30-day time frame to effectively "appeal from the decision," or (2) whether McDonnell could

---

[1] Although the Board also sent the notice via certified mail, the record does not show when McDonnell received that letter, and McDonnell does not argue that a different 30-day deadline should apply.

- 4 -

satisfy the statute by filing a circuit court complaint within the 30-day time frame, followed up by submitting the notice and bond before the lapse of six months.

McDonnell argues that Code § 15.2-1246 permits both methods of appealing. He primarily relies on the use of "shall" versus "may" in the statute. The statute first provides that an appeal "*shall* be filed with the circuit court for the county." According to McDonnell, this use of "shall" reflects a legislative preference for initiating an appeal by filing in circuit court within 30 days. The statute subsequently provides that a disallowance "*may be* appealed by serving written notice on the clerk . . . and executing a cash or surety bond." According to McDonnell, this "permissive language" implies that the notice and bond procedure "was included only to offer claimants a secondary means of preserving their appeal rights in situations where they are unable to file their appeal with the appropriate circuit court within [30] days." Furthermore, to the extent the notice and bond are mandatory, McDonnell argues that the statute gives six months to comply. Again, McDonnell bases that argument on the language in Code § 15.2-1246 that "[i]n no case shall the appeal be taken after the lapse of six months from the date of the decision." In summary, McDonnell contends that so long as a claimant takes both steps within six months—filing a complaint and submitting the notice and bond—it does not matter which step is taken first.

Code § 15.2-1246 constitutes a waiver of the Commonwealth's sovereign immunity and must be strictly construed, as it is a statute in derogation of the common law. *See Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 245 (2004). "In interpreting this statute, courts apply the plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result." *Cnty. of Albemarle v. Camirand*, 285 Va. 420, 424-25 (2013) (alteration in original) (quoting *Baker v. Commonwealth*, 284 Va. 572, 576 (2012)).

McDonnell's arguments are not supported by the statute's plain meaning or the Supreme Court of Virginia's interpretation of it. First, contrary to McDonnell's argument, the statute's use of

"may" (a claimant "*may* appeal" within 30 days; the disallowance "*may* be appealed" by submitting notice and bond) does not mean a claimant has multiple avenues for appealing; instead, "may" simply refers to the fact that an appeal is permissible but not mandatory. *See id.* at 425-26. In *Camirand*, the Supreme Court rejected an argument that the "repeated use of the word 'may' as opposed to 'must'" in the statute "permit[s] two methods of perfecting an appeal." *Id.* at 425. Instead, reviewing the statute as a whole, the Court found it "clear that the word 'may' is used because an appeal is permissible but not required." *Id.* at 426. Thus, under *Camirand*, the statute's use of "may" does not contemplate multiple avenues for appealing a disallowance decision.

Additionally, the statute's use of "shall" in "[t]he appeal *shall* be filed with the circuit court for the county" does not reflect a legislative preference for initiating an appeal by filing a complaint. The term "shall" in this context mandates the venue for a claimant's circuit court appeal—that is, the circuit court for the county that disallowed payment.

The Supreme Court of Virginia has had multiple opportunities to construe Code § 15.2-1246 and has determined that a claimant must satisfy the notice and bond requirements within the 30-day time frame. *See Viking Enter., Inc. v. Cnty. of Chesterfield*, 277 Va. 104 (2009); *Specialty Constr. Mgmt., Inc. v. Cnty. Bd. of Arlington*, No. 111210 (Va. May 25, 2012) (order).

In *Viking Enterprise*, the Supreme Court affirmed the dismissal of a payment claim where the contractor had merely appealed by filing a complaint in circuit court, without complying with the notice and bond provisions in Code § 15.2-1246. 277 Va. at 107-08. The contractor argued that Code § 15.2-1246 did not apply because it conflicted with the Public Procurement Act, which only requires filing an appeal within six months of a disallowance decision. *Id.* at 107, 110; *see also* Code §§ 2.2-4363(E), -4364(E).

The Supreme Court found that the statutes did not conflict and that the notice and bond provisions in Code § 15.2-1246 were jurisdictional. *Id.* at 111-12. It relied on precedent reflecting

that Code § 15.2-1246 is part of an "exclusive procedure for litigating claims against a county" and "[f]ailure to allege compliance with these statutes is fatal to an action against a county." *Id.* at 111 (alteration in original) (quoting *New Kent Cnty. v. Worley Aviation, Inc.*, 255 Va. 186, 193 (1998)). Additionally, principles of sovereign immunity required strictly enforcing the notice and bond requirements:

> The sovereign can be sued only by its own consent, and a state granting the right to its citizens to bring suit against it can be sued only in the mode prescribed. The same principles apply to a county . . . , suable only in the mode prescribed in the law granting the right to sue.

*Id.* (quoting *Botetourt Cnty. v. Burger*, 86 Va. 530, 533 (1889)). "[T]he notice and bond requirements set forth in Code § 15.2-1246 are the 'mode prescribed' for pursuing an appeal from a county's disallowance of a monetary claim." *Id.* (quoting *Burger*, 86 Va. at 533). Accordingly, the claimant could not disregard these requirements even though the parties' contract was also governed by the Public Procurement Act. *See id.*

  *Viking Enterprise* concluded that "when appealing from a county's disallowance of a claim . . . , the claimant *must* serve written notice of its appeal on the clerk of the county's governing body and execute a bond to the county, *both within 30 days* from the date of either the decision or service of written notice of the denial." *Id.* at 113 (emphases added).

  McDonnell contends that this language is dicta because the central issue in *Viking Enterprise* was the potential statutory conflict—not whether the 30-day time frame strictly applies to the notice and bond provisions of Code § 15.2-1246. The language is not dicta, however, because it was "necessary to [the] disposition of the case." *Deiter v. Commonwealth*, 205 Va. 771, 775 (1965). To assess whether the statutes conflicted, the Supreme Court had to determine what each required. *See Viking Enter.*, 277 Va. at 110-11. The Court's finding that Code § 15.2-1246 requires a notice of appeal and bond within 30 days, not a substantive

complaint, was necessary to its holding that the statute does not conflict with the Public Procurement Act's allowance of six months to file a complaint. *Id.* at 111-12.

Additionally, we find it significant that after *Viking Enterprise*, the legislature amended the statute to specify the dollar amount for the bond requirement ($250) but did nothing to change the Supreme Court's interpretation that the notice and bond must be submitted within 30 days. *See* 2010 Va. Acts ch. 668. "[W]here the General Assembly acts in an area in which [the Supreme] Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." *Burns v. Bd. of Supervisors*, 227 Va. 354, 360 (1984); *see also Hardesty v. Hardesty*, 40 Va. App. 663, 669 (2003) (en banc).

The Supreme Court subsequently relied on *Viking Enterprise* in an unpublished order that rejected the very argument McDonnell presents here—that the notice and bond provisions in Code § 15.2-1246 are not subject to the 30-day time frame but can be satisfied within 6 months. *See Specialty Constr. Mgmt., Inc.*, No. 111210 (*SCM*). In *SCM*, the claimant argued that filing a complaint in circuit court within 30 days of a county board's decision is an acceptable method for appealing, so long as the claimant then submits the notice of appeal and bond within six months "because they are merely technical requirements for perfecting the appeal." *Id.*, slip op. at 2. Citing *Viking Enterprise*, the Supreme Court disagreed that these requirements were "merely technical" and instead considered them jurisdictional. *Id.* at 2-3. It held that to appeal the county board's disallowance decision, Code § 15.2-1246 "*requires* that SCM have filed the notice of appeal and executed the bond in the clerk's office of the Board within [30] days of the disallowance." *Id.* at 3 (emphasis added).

Thus, as *SCM* held, the statute's prohibition on appeals "after the lapse of six months from the date of decision" does not extend the time for submitting the jurisdictional notice and bond. Instead, that sentence relates back to the prior sentence entitling claimants, who were not present for

the decision, to written notice and giving them 30 days to appeal. Taken together, these sentences simply provide that all appeal rights expire after six months. In this way, Code § 15.2-1246 operates as a statute of repose that requires claimants to appeal matters quickly, protecting the Commonwealth from having to defend against stale claims. *See Commonwealth v. Owens-Corning Fiberglas Corp.*, 238 Va. 595, 598-99 (1989) (describing statutes of repose as mechanisms "aimed at precluding litigation of stale claims" and "reflect[ing] a legislative policy determination that a time should come beyond which a potential defendant will be immune from liability for [its] past acts and omissions").

Under its plain meaning, Code § 15.2-1246 required McDonnell to submit a notice of appeal and bond within 30 days from notice of the disallowance decision. McDonnell only filed a complaint within 30 days. Accordingly, the court properly determined that McDonnell failed to comply with the statute.[2]

## II. Assignment of Error 3

### Whether McDonnell "substantially complied" with Code § 15.2-1246

Although McDonnell's primary argument is that it strictly complied with Code § 15.2-1246, it alternatively contends that the court erred by finding it had not substantially complied. According to McDonnell, by filing a circuit court complaint, serving its notice of

---

[2] McDonnell's reliance on *Obenshain v. Halliday*, 504 F. Supp. 946 (E.D. Va. 1980), is unavailing. Although the federal district court in *Obenshain* held that a plaintiff has six months to comply with the notice and bond requirements, the case was decided in 1980, well before the Supreme Court's 2009 decision in *Viking Enterprise*. 504 F. Supp. at 954-56. In *SCM*, the Supreme Court essentially stated that *Obenshain* misinterpreted Code § 15.2-1246's predecessor statute, finding instead that the statute "clearly states that the notice of appeal must be filed and the bond executed within [30] days." *SCM*, slip op. at 2 n.1. Additionally, the plaintiff in *Obenshain* actually served her complaint on the county within the 30-day time frame. 504 F. Supp. at 955. Here, by contrast, McDonnell filed but did not serve its complaint within 30 days and therefore did not provide the notice found to be sufficient in *Obenshain*. Accordingly, *Obenshain* does not support reversing the judgment in this case.

appeal on the clerk, and supplying security for the Board's costs, it "completed all acts required by the [s]tatute" and therefore the Board cannot claim surprise or prejudice.

Principles of sovereign immunity typically require strict compliance with procedures for suing the government. *See Viking Enter.*, 277 Va. at 111 (stating that "[t]he sovereign can be sued only by its own consent" and "only in the mode prescribed" by statute (quoting *Burger*, 86 Va. at 533)); *see also Phelan v. Commonwealth*, 291 Va. 192, 195 (2016) (affirming dismissal based on sovereign immunity where the plaintiff's notice did not explicitly identify the "agency . . . alleged to be liable" as required by the Tort Claims Act, Code § 8.01-195.6(A)).

Substantial compliance can rescue claims with technical defects in an appeal bond. *See Parker v. Prince William Cnty.*, 198 Va. 231, 234-36 (1956) (recognizing the possibility for "substantial compliance" with Code § 15.2-1246's predecessor statute but ultimately affirming a dismissal where the claimant failed to submit an adequate surety bond until almost ten months after the denial of his claim); *see also Viking Enter.*, 277 Va. at 111 (referring to substantial compliance but nevertheless stating that "failure to substantially comply with the statutory requirement for executing a bond with sufficient surety 'constitutes a jurisdictional defect' that prevents a circuit court from acquiring jurisdiction of an appeal from a county's disallowance of a monetary claim" (quoting *Parker*, 198 Va. at 235)). Even assuming McDonnell's tardy bond can be excused as merely a technical defect, these cases do not similarly excuse McDonnell's failure to submit the notice of appeal in 30 days.

The significance of the notice requirement was emphasized in *Camirand*. In that case, county employees attempted to appeal a decision by the board of supervisors disallowing retirement benefits. 285 Va. at 422. Although the employees filed a circuit court complaint, they did not serve written notice of their appeal on the board clerk. *Id.* Instead, they served the clerk with a single document entitled "Appeal Bond" expressing their "*intention . . .* to appeal." *Id.* at 423-24

- 10 -

(emphasis added). The Supreme Court determined that, although this document satisfied the bond requirement,[3] it did not also satisfy the notice requirement of Code § 15.2-1246. *Id.* Instead, the document's mere expression of intent was no more than an "implied notice" of appeal. *Id.* at 425. "The clerk's office cannot be expected to look to . . . language concerning an 'intent to appeal' and divine a supplementary purpose to the document of providing actual notice of an appeal." *Id.*

McDonnell insists that by filing the circuit court complaint, it substantially complied with Code § 15.2-1246 because it put the Board on actual notice of the appeal within the 30-day time frame. We disagree. Although McDonnell filed its complaint within 30 days, it did not serve it until September 12—well after 30 days from the July 28 disallowance notice. Simply filing a complaint with the circuit court did not put the Board on actual notice of the appeal. Without service of the complaint, the Board could fairly assume that the litigation had ended.[4] *See Camirand*, 285 Va. at 422-25; *cf. Halberstam v. Commonwealth*, 251 Va. 248, 251-52 (1996) (holding that "actual notice" was insufficient to satisfy notice requirements of the Tort Claims Act, Code § 8.01-195.6).

Additionally, Virginia law clearly establishes that McDonnell's act of submitting the notice of appeal after 30 days cannot amount to substantial compliance with the statute because the requirement is jurisdictional. *See Viking Enter.*, 277 Va. at 113; *see also Bd. of Supervisors*

---

[3] The version of Code § 15.2-1246 in effect at the time did not contain a bond amount but simply required "executing a bond to the county . . . to the clerk of the governing body." *Camirand*, 285 Va. at 423 n.*.

[4] McDonnell cites page 147 of the record for its assertion that the Board received "actual notice" of the complaint when it was filed in circuit court on August 17, 2022. Record page 147 is a screenshot showing "participant activity" for the circuit court case. It is not proof of service or an indication that the filed complaint was somehow disseminated to the Board on the date of filing. Indeed, no one representing the Board was added or participated until September 12, 2022. On brief, the Board admits that its deputy attorney "happened to learn about the lawsuit shortly after it was filed." Any inadvertent notice of appeal the Board happened to receive cannot demonstrate McDonnell's "substantial compliance" with Code § 15.2-1246.

- 11 -

*v. Bd. of Zoning Appeals*, 271 Va. 336, 346-47 (2006) (collecting authorities that require strict compliance with "jurisdictional" time limitations for noting appeals); *cf.* Rule 5A:6 (precluding appeal to our Court "unless, within 30 days after entry of final judgment[,] . . . counsel files with the clerk of the trial court a notice of appeal"); *Watkins v. Fairfax Cnty. Dep't of Fam. Servs.*, 42 Va. App. 760, 774 (2004) (stating that if the notice of appeal under Rule 5A:6 is not filed within 30 days, "the notice is 'ineffective' and the appeal is never properly perfected" (quoting *Zion Church Designers & Builders v. McDonald*, 18 Va. App. 580, 583 (1994))).  In *Watkins*, we stated that the 30-day time frame for filing a notice of appeal serves the purpose of "set[ting] a definite point of time when litigation should be at an end, unless within that time the prescribed [appeal] has been made; and if it has not been, to advise prospective appellees that they are freed of the appellant's demands."  42 Va. App. at 771 (quoting *Coleman v. Thompson*, 501 U.S. 722, 751 (1991)).  Likewise, the 30-day deadline in Code § 15.2-1246 "set[s] a definite point of time" for a potential appellee to know whether the litigation has ended or will continue to a higher court.  *Id.*  Nothing but strict compliance with the deadline will serve this purpose.

Any lack of surprise or prejudice to the Board is not relevant.  Whether the governing body suffered prejudice from a claimant's noncompliance did not factor into the Supreme Court's analysis in *Camirand*, *Viking Enterprise*, or *Parker*.  Instead, these cases reflect that principles of sovereign immunity require suing the government only in the "mode prescribed" by statute and thus compliance with the 30-day time frame for noting an appeal.  *Viking Enter.*, 277 Va. at 111 (quoting *Burger*, 86 Va. at 533); *see also Camirand*, 285 Va. at 422-25; *Parker*, 198 Va. at 234-36.

Finally, the cases on which McDonnell relies to support its "substantial compliance" argument are distinguishable, involving disputes between private parties about contracts and mechanic's liens.  *See generally Akers v. James T. Barnes of Washington, D.C., Inc.*, 227 Va.

367 (2017); *Desai v. A.R. Design Grp., Inc.*, 293 Va. 426 (2017). These cases have nothing to do with Code § 15.2-1246 or sovereign immunity. Accordingly, the court did not err by finding that McDonnell did not substantially comply with Code § 15.2-1246.

### III. Assignment of Error 4

<u>Whether the Notice of Disallowance was Adequate</u>

McDonnell argues the court erred by finding that the Board's July 28, 2022 letter was a notice of disallowance sufficient to trigger a 30-day deadline for appealing because the letter did not use the words "disallowance" or "notice" or refer to Code § 15.2-1246. McDonnell further argues the letter did not constitute notice because the parties' contract did not refer to the statute's "appeal perfection process."

These arguments are unpersuasive. The Board's letter identified McDonnell's claim and contract number in its subject line and stated, "Please be advised that at its July 19, 2022 Recessed Meeting, the County Board of Arlington, Virginia, denied the above-referenced claim." This letter clearly and precisely informed McDonnell about the subject and outcome of the payment claim. Nothing in the statute required the Board to use the specific words of "disallowance" or "notice," nor does the statute mandate advising a claimant of any appeal deadlines or procedures. If the General Assembly wants to prescribe specific language, it knows how to do so. *See, e.g.*, Code § 15.2-2311(A) (providing that a notice of zoning violation must state the time to appeal to the board of zoning appeals). We presume the legislature carefully chose the words it used when enacting the relevant statute. *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337 (2011) (comparing statutes to determine legislative intent and "presum[ing] that the difference in the choice of language was intentional").

Additionally, even assuming the parties' contract did not detail the statutory appeals process, McDonnell was clearly aware of the statute and its applicability. It expressly relied on the statute in its complaint as the basis for jurisdiction.

## CONCLUSION

The court did not err by sustaining the Board's special plea in bar of sovereign immunity and dismissing McDonnell's action with prejudice.

*Affirmed*.